FRANCISCO CASTRO MARTÍNEZ, demandante y peticionario, *v.* SERGIO ESTRADA AUTO SALES, INC., demandado y recurrido.

*Número:* CC-1998-880        *Resuelto:* 22 de septiembre de 1999

214

*Víctor L. Olivo Montañéz*, abogado de la parte peticionaria.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ DENTON emitió la opinión del Tribunal.

En el caso de autos, el peticionario oportunamente presentó una moción de reconsideración en la cual cuestionó una sentencia del Tribunal de Primera Instancia. Como el magistrado que dictó la sentencia objetada estaba disfrutando de su licencia anual de vacaciones, la moción fue referida a otro juez. Éste, a su vez, dictó una orden mediante la cual remitió la moción al magistrado que estaba de vacaciones para que la considerara al reintegrarse a sus funciones. La controversia del caso de autos requiere que determinemos si dicha orden tuvo el efecto de interrumpir el término para acudir en revisión ante el Tribunal de Circuito de Apelaciones, conforme a lo dispuesto en la Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. III.

I

El 13 de junio de 1997, el peticionario, Francisco Castro Martínez, presentó una demanda contra el recurrido, Sergio Estrada Auto Sales, Inc., donde expuso tres (3) causas de acción por reclamación de salarios devengados no pagados y una causa de acción por discrimen laboral. Posteriormente, las causas de acción por salarios devengados y no pagados fueron transigidas.

Estando pendiente la causa de acción por discrimen laboral, el Lcdo. César A. Melecio, abogado del señor Castro Martínez, fue suspendido indefinidamente del ejercicio de la abogacía.[1] Así las cosas, el Tribunal de Primera Instancia dictó sentencia parcial mediante la cual aprobó la transacción de las tres (3) causas de acción por salarios devengados y no pagados, a la vez que le concedió al señor Castro Martínez un término de treinta (30) días para que compareciera con otra representación legal. Este término vencía el 14 de mayo de 1998. El 1ro de junio de 1998 —y notificada el 3 de junio de 1998— el tribunal de instancia, me-

---

[1] *In re Melecio Morales*, 144 D.P.R. 824 (1998).

diante sentencia dictada por el Juez Rodríguez Viejo, dispuso el archivo, sin perjuicio, de la reclamación de discrimen. El señor Castro Martínez, a través de una nueva representación legal, presentó una moción de reconsideración el 9 de junio (seis (6) días después de archivada en autos copia de la notificación de la sentencia).

El 11 de junio, tres (3) días después de haber sido presentada la Moción de Reconsideración, el Tribunal de Primera Instancia, Sala de San Juan (Hon. Berta Mainardi Peralta, Juez) dictó la orden siguiente:

> Tratándose de una solicitud de reconsideración a sentencia remítase a la consideración del Hon. José Rodríguez Viejo a su reintegro. *Exhibit* II(b), pág. 09.

Esta orden fue notificada a las partes el 12 de junio de 1998. El Hon. José Rodríguez Viejo, juez que dictó la sentencia objeto de la reconsideración, al reintegrarse a sus funciones —después de sus vacaciones— denegó la moción de reconsideración el 3 de julio de 1998. Indicó que denegó la moción por haber sido presentada "transcurrido el término de quince (15) días" que establece la Regla 47 de Procedimiento Civil, *supra*. Esta denegatoria fue notificada el 6 de julio de 1998.

Inconforme, el 21 de julio de 1998 el señor Castro Martínez presentó un escrito de apelación ante el Tribunal de Circuito de Apelaciones. El foro apelativo dictó una sentencia mediante la cual desestimó el recurso por falta de jurisdicción al establecer:

> Habiéndose archivado en autos copia de la notificación de sentencia el 3 de junio de 1998 y considerando que el término jurisdiccional de treinta (30) días para solicitar la apelación decursó sin haber sido interrumpido, el último día para presentar el recurso de apelación era el 3 de julio de 1998. *Exhibit* I, pág. 02.

De esta sentencia recurre ante nos el señor Castro Martínez, vía *certiorari*. Alega, principalmente, que el Tribunal

de Circuito de Apelaciones erró al no tomar en consideración la orden dictada por el Tribunal de Primera Instancia y remitir la solicitud de reconsideración al magistrado que dictó la sentencia objetada, a su regreso de vacaciones. Alega el señor Martínez que esta orden tuvo el efecto de interrumpir el término para apelar ante el Tribunal de Circuito de Apelaciones.

Ante estos hechos, le concedimos a la parte recurrida, Sergio Estrada Auto Sales, Inc., un término de veinte (20) días para que compareciera y mostrara causa por la cual no debíamos revocar la sentencia recurrida. Transcurrido el término provisto, la parte recurrida no ha comparecido. Procedemos a resolver según lo intimado.

## II

La Regla 47 de Procedimiento Civil, *supra*, permite a la parte adversamente afectada por una resolución, orden o sentencia del Tribunal de Primera Instancia presentar una moción de reconsideración. Hemos reconocido que esta moción es el mecanismo que provee nuestro ordenamiento procesal para que el tribunal sentenciador pueda modificar su fallo. *Lagares v. E.L.A.*, 144 D.P.R. 601 (1997). Así mismo, hemos establecido que

> [e]l objet[ivo] principal de una moción de reconsideración es dar una oportunidad a la corte que dictó la sentencia o resolución cuya reconsideración se pide, para que pueda enmendar o corregir los errores en que hubie[s]e incurrido al dictarla. *Dávila v. Collazo*, 50 D.P.R. 494, 503 (1936). Citado recientemente en *Lagares v. E.L.A.*, supra, pág. 609.

Sin embargo, por muchos años la moción de reconsideración la utilizaron los litigantes perdidosos para dilatar injustificadamente la ejecución de dictámenes judiciales, ya que de 1904 a 1937 la mera interposición del recurso interrumpía el término para apelar hasta tanto el tribunal resolviese definitivamente la moción. Para evitar

esta situación, la normativa que regula la presentación y consideración de la moción de reconsideración fue enmendada en numerosas ocasiones.(²) Los cambios más significativos a la normativa que rige la moción de reconsideración se reflejan principalmente en la introducción de dos (2) principios: (a) que la interposición del recurso no interrumpiría el término para apelar, a no ser que el tribunal considere la moción, y (b) que transcurrido cierto número de días sin que el tribunal tome alguna acción con relación a la moción, ésta se entendería rechazada de plano y el término para apelar nunca habría sido interrumpido. Estos dos (2) principios están presentes en nuestra citada Regla 47 de Procedimiento Civil, según enmendada, disposición que en estos momentos regula la moción de reconsideración.

La Regla 47 de Procedimiento Civil, *supra*, dispone, en lo pertinente:

> La parte adversamente afectada por una resolución, orden o sentencia del Tribunal de Primera Instancia podrá, dentro del término de quince (15) días desde la fecha de la notificación de la resolución u orden o, desde la fecha del archivo en los autos de una copia de la notificación de la sentencia, presentar una moción de reconsideración de la resolución, orden o sentencia. El tribunal, dentro de los diez (10) días de haberse presentado dicha moción, deberá considerarla. Si la rechazare de plano, el término para apelar o presentar un recurso de *certiorari* se considerará como que nunca fue interrumpido. Si se tomare alguna determinación en su consideración, el término para apelar o presentar un recurso de *certiorari* empezará a contarse desde la fecha en que se archiva en los autos una copia de la notificación de la resolución del tribunal resolviendo definitivamente la moción. ... Si el tribunal dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los diez (10) días de haber sido presentada, se entenderá que la misma ha sido rechazada de plano.

---

(²) La moción de reconsideración fue introducida a nuestro ordenamiento procesal en 1904 al amparo del Art. 140 del Código de Enjuiciamiento Civil. A partir de ese momento, la moción de reconsideración ha sufrido varias modificaciones en 1943, 1958, 1979, 1995, 1996 y 1997. Véase *Lagares v. E.L.A.*, 144 D.P.R. 601 (1997).

■ La citada Regla 47 evidencia la intención de lograr un adecuado balance entre, por un lado, (1) proveer la oportunidad para que un tribunal sentenciador pueda realizar la significativa tarea de corregir cualquier error que haya cometido al dictar una sentencia o resolución y, por otro, (2) evitar que el medio procesal de la reconsideración se convierta en una vía para dilatar injustificadamente la ejecución de un dictamen judicial. *Lagares v. E.L.A.*, supra.

En el caso de autos, la controversia gira en torno a si la orden que dictó el Tribunal de Primera Instancia, al remitir la moción de reconsideración al magistrado que dictó la sentencia objetada, interrumpió el término para acudir en revisión ante el Tribunal de Circuito de Apelaciones. La Regla 47 de Procedimiento Civil, *supra*, expresamente dispone que cuando el tribunal de instancia, dentro del término de diez (10) días a partir de la presentación de la moción, toma "alguna determinación en su consideración", el término para apelar o presentar un recurso de *certiorari* quedará interrumpido hasta tanto se archive en autos una copia de la notificación que resuelve definitivamente la moción. Por ende, procede examinar si la referida orden del Tribunal de Primera Instancia constituyó "alguna determinación en su consideración". Íd.

■ En ocasiones anteriores hemos tenido la oportunidad de analizar el significado de esta frase. Así, en *Rodríguez Rivera v. Autoridad Carreteras*, 110 D.P.R. 184, 187 (1980), dispusimos:

> Procede, pues, definir qué contempla el acto judicial de tomar "alguna determinación al considerar la moción". Es evidente, por disponerlo así la propia regla, que si el tribunal la rechaza con un mero no ha lugar, sin oír a las partes, se considera que la moción fue rechazada de plano. Ahora bien, si señala una vista para oír a las partes, o se dirige a la parte adversa para que exponga su posición por escrito, o fundamenta su resolución declarando sin lugar la moción, se tendrá por interrumpido el término para apelar o solicitar revisión.

Como bien señalamos en aquella ocasión, estas actua-

ciones no "agotan la lista" de determinaciones que tienen el efecto de interrumpir el término para apelar o presentar un recurso de *certiorari. Rodríguez Rivera v. Autoridad Carreteras*, supra, pág. 187. En el caso de autos, con el fin de resolver la controversia ante nos, es pertinente examinar el historial de la enmienda hecha a la Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. III, aprobada en 1979, que introdujo la frase "alguna determinación en su consideración".

La Regla 47 de 1958, antes de aprobarse las enmiendas a las Reglas de Procedimiento Civil en 1979, en lo pertinente disponía:

> La parte agraviada por la sentencia o por una resolución podrá, dentro del término de 15 días desde la fecha del archivo en los autos de una copia de la notificación de la sentencia, o dentro del término de 5 días desde la fecha del archivo en los autos de una copia de la notificación de haberse dictado la resolución, presentar una moción de reconsideración de la sentencia o de la resolución. El tribunal, dentro de los 5 días de haberse presentado dicha moción, deberá rechazarla de plano o señalar vista para oír a las partes. Si la rechazare de plano, el término para apelar se considerará como que nunca fue interrumpido. Si señalare vista para oír a las partes, el término para apelar empezará a contarse desde la fecha en que se archiva en los autos una copia de la notificación de la resolución del tribunal resolviendo definitivamente la moción. Si el tribunal dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los 5 días de haber sido presentada, se entenderá que la misma ha sido rechazada de plano.

Como podrá notarse, la citada Regla 47 de 1958 no contenía la frase "alguna determinación en su consideración"; por el contrario, la única actuación que podía llevar a cabo el tribunal de instancia para paralizar el término para apelar o solicitar revisión era señalar una vista para oír a las partes. Precisamente ante esa limitación impuesta por la regla, el Comité sobre Procedimiento Civil de la Conferencia Judicial de Puerto Rico, en su Informe sobre las Reglas de Procedimiento Civil Propuestas, recomendó los cambios siguientes:

Consideramos que la primera y tercera oración deben ser enmendadas para contemplar el procedimiento real que siguen las mociones de reconsideración y que el mismo resulte en la más sana administración de justicia. En primer lugar es incorrecto pensar que las únicas alternativas que tiene un juez cuando se le presenta dicha moción son el rechazarla de plano mediante un no ha lugar o señalar una vista. Muy bien puede declararla con lugar, admitir prueba que rechazó en el juicio, estudiarla más detenidamente o dirigirse a la parte adversa para que exponga su posición. Ello es sin contar cuando el juez esté de vacaciones, o enfermo y en la moción tiene que intervenir otro juez y o este decide referírsela a él, lo cual es normal en el tiempo en que el Tribunal Superior está disfrutando del receso. Así debe sustituirse el concepto de rechazar de plano de la segunda oración y el de señalamiento de vista para oír a las partes debido a que existen otras alternativas. (Énfasis suplido.) Informe sobre las Reglas de Procedimiento Civil Propuestas por el Comité sobre Procedimiento Civil de la Conferencia Judicial de Puerto Rico, 1979, pág. 131.

■ Por esta razón, el comité sugirió específicamente que se sustituyese la frase "señalare vista para oír las partes" por la frase "tomare alguna determinación en su consideración". La sugerencia fue aprobada y la Regla 47 fue enmendada el 4 de agosto de 1979. La enmienda no tan sólo evidencia la intención de flexibilizar el tipo de determinación que puede tomar un tribunal al ser [confrontado] presentado con una moción de reconsideración, si no que específicamente interesaba cobijar situaciones como las del caso de autos. Al considerar que tomar "alguna determinación en su consideración" incluía la actuación de remitirle una moción de reconsideración al juez que dictó la sentencia objeto de la reconsideración —cuando éste se encontrara enfermo o de vacaciones— se quiso proteger precisamente el interés que guía la moción, entiéndase, darle una oportunidad al juez que dictó la sentencia o resolución cuya reconsideración se pide para que enmiende o corrija los errores en que hubiese incurrido al dictarla.

Resolvemos, por lo tanto, que a tenor con la Regla 47 de Procedimiento Civil, *supra*, el término para recurrir ante el Tribunal de Circuito de Apelaciones quedó interrumpido

por la presentación oportuna de la moción de reconsideración, conjuntamente con la acción del Tribunal de Primera Instancia, dentro del término de diez (10) días, de notificarle a las partes que se le remitía la solicitud de reconsideración al juez Rodríguez Viejo. El término de treinta (30) días que establece la Regla 53.1(c) de Procedimiento Civil, 32 L.P.R.A. Ap. III, y la Regla 13(a) del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A, para presentar la apelación, en este caso comenzó a decursar a partir de 6 de julio de 1998, fecha en que se archivó en autos una copia de la notificación de la resolución del tribunal que resolvía definitivamente la moción. Habiéndose presentado la apelación el 21 de julio de 1998, erró el foro apelativo al determinar que carecía de jurisdicción para atender el recurso. Igualmente, erró el tribunal de instancia al denegar la moción de reconsideración por ésta haberse presentado "transcurrido el término de quince (15) días que establece la Regla 47 de Procedimiento Civil". Un examen de los autos revela que la moción de reconsideración fue presentada tan sólo seis (6) días después de archivada en autos copia de la notificación y, por ende, dentro del término jurisdiccional que establece la Regla 47 de Procedimiento Civil, *supra*.

Por los fundamentos antes expuestos, *se devuelve el caso al tribunal de instancia para que evalúe los méritos de la moción de reconsideración presentada oportunamente por el señor Castro Martínez.*

*Se dictará la sentencia correspondiente.*

El Juez Presidente Señor Andréu García no intervino. La Juez Asociada Señora Naveira de Rodón se inhibió.