Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| KAREN LUGO RUÍZ<br><br>Peticionaria<br><br>v.<br><br>RAÚL SANTIAGO MARTÍNEZ, RAÚL SANTIAGO ORTÍZ, SU ESPOSA NORMA MARTÍNEZ MUÑIZ Y LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR AMBOS, PANADERÍA SAN MIGUEL DE LOS SANTIAGO, INC., FRANCISCO RAMOS ROBLES Y SU ESPOSA NORA ROMÁN TORRES Y LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR AMBOS; ENTIDAD JURÍDICA FNJCC CORPORATION<br><br>Recurridos | KLCE202400030 | *Apelación acogida como* **CERTIORARI**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Civil Núm.: JAC2014-0052 (Sala 602)<br><br>Sobre:<br><br>Liquidación de Masa Post-Ganancial, Nulidad de Negocio Jurídico y Daños |
|---|---|---|

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres, la Jueza Rivera Pérez y el Juez Campos Pérez.

**Rivera Pérez, Jueza Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de febrero de 2024.

Comparece la parte peticionaria Sra. Karen Lugo Ruíz ("en adelante, Sra. Lugo Ruíz") y solicita nuestra intervención para revisar la *Sentencia de Paralización por Quiebra*[1] dictada por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI), el 8 de noviembre de 2023, notificada el 9 de noviembre de 2023. En el

---

[1] Apéndice del recurso, págs. 2-3.

Número Identificador

RES 2024_____

dictamen aludido, el TPI ordenó la paralización de los procedimientos en el presente caso y el archivo sin perjuicio debido a que una de las partes demandadas, el Sr. Raúl Santiago Martínez (en adelante, "Sr. Santiago Martínez"), presentó una petición de quiebra ante el foro federal competente. El TPI se reservó la jurisdicción para decretar la reapertura del pleito, en caso de que la paralización se dejara sin efecto.[2]

Por los fundamentos que expondremos a continuación, se desestima el presente recurso de *Certiorari* por falta de jurisdicción al haberse presentado tardíamente.

**I**

El 24 de enero de 2014, la Sra. Lugo Ruíz presentó una *Demanda*[3] sobre liquidación de la masa post-ganancial contra el Sr. Santiago Martínez. En síntesis, solicitó que se hiciera un inventario, avalúo, adjudicación y liquidación de la masa post-ganancial.

Posteriormente, el 27 de junio de 2016, se presentó una *Demanda Enmendada*[4] con el fin de añadir como parte codemandada a la entidad jurídica Panadería San Miguel de los Santiago, Inc.

El 2 de abril de 2018, se presentó una *Segunda Demanda Enmendada*[5] con el fin de añadir como codemandados al Sr. Raúl Santiago Ortiz (en adelante, "Sr. Santiago Ortiz"), su esposa, la Sra. Norma Martínez Muñiz (en adelante, "Sra. Martínez Muñiz") y la Sociedad Legal de Gananciales Compuesta por Ambos, y al Sr. Francisco Ramos Robles (en adelante, "Sr. Ramos Robles"), a su

---

[2] Se toma conocimiento judicial de que el 20 de enero de 2023, en el caso *In re: Raul Santiago aka Raul Santiago Martínez,* Case No. 6:21-bk-01307-GER (Chapter 7) la United Sates Bankruptcy Court, Middle District of Florida, Orlando División emitió el *Order Approving Account, Discharging Trustee, Canceling Bond, and Closing Estates.*

[3] Apéndice del recurso, págs. 142-147.

[4] Apéndice del recurso, págs. 135-141.

[5] Apéndice del recurso, págs. 122-131.

esposa, Sra. Nora Román Torres (en adelante, "Sra. Román Torres") y la sociedad legal de gananciales compuesta por ambos.

Una *Tercera Demanda Enmendada*[6] se presentó el 3 de agosto de 2020 con el fin de añadir como codemandada a la entidad jurídica, JNJCC Corporation (en adelante, "Corporación").

Así las cosas, el 1 de febrero de 2021, los codemandados, Sr. Santiago Ortiz, su esposa, la Sra. Martínez Muñiz y la sociedad legal de gananciales compuesta por ambos, presentaron *Contestación a Tercera Demanda Enmendada y Reconvención*[7]. En resumen, expusieron sus defensas afirmativas y una reclamación contra la parte peticionaria.

El 3 de febrero de 2021, se celebró la *Conferencia Sobre el Estado de los Procedimientos* y de la *Orden Minuta*[8] en la cual surge que, en la vista se llegaron a unos acuerdos, entre ellos: la anotación de rebeldía del codemandado, Sr. Santiago Martínez, y de la Panadería San Miguel de los Santiago, Inc. Además, se le levantó la rebeldía al Sr. Santiago Ortiz y a la Sra. Martínez Muñiz. Por otro lado, el represente legal del Sr. Ramos Robles y de la Sra. Román Torres informó que la Corporación estaría compareciendo mediante otra representación legal. Por último, se destacó que la Corporación todavía estaba en término para contestar la demanda.

En efecto, el 3 de marzo de 2021, la Corporación presentó su *Contestación a Tercera Demanda Enmendada*[9]. En síntesis, negó varias de las alegaciones en su contra y levantó varias defensas afirmativas, así como también presentó una reconvención.

Luego de varios trámites procesales, el 13 de septiembre de 2022, el Sr. Santiago Ortiz, su esposa, la Sra. Martínez Muñiz y la sociedad legal de gananciales compuesta por ambos presentaron

---

[6] Apéndice del recurso, págs. 108-120.
[7] Apéndice del recurso, págs .99-107.
[8] Apéndice del recurso, págs. 23-24.
[9] Autos Originales, págs. 544-546.

ante el TPI un escrito titulado *Moción*[10]. Entre otras cosas, alegaron que el Sr. Santiago Martínez les había hecho llegar un documento de la Corte de Quiebras y había recibido un "discharge" bajo el Capítulo 7, 11 USC sec. 727. De igual forma, solicitaron que se paralizaran los procedimientos por entender que el dictamen de la Corte de Quiebras impedía proseguir con el reclamo contra el Sr. Santiago Martínez y los demás codemandados.

En respuesta, el 8 de noviembre de 2023, el TPI dictó la *Sentencia de Paralización por Quiebra*[11] aquí recurrida. En síntesis, ordenó la paralización de los procedimientos y el archivo sin perjuicio del caso reservándose expresamente la jurisdicción para decretar su reapertura si procediese, una vez la Corte de Quiebras resolviera.

No obstante, la Sra. Lugo Ruíz mediante una *Solicitud de Reconsideración[12]* presentada el 27 de noviembre de 2023, solicitó la continuación de los procedimientos ante el TPI. Debemos destacar que, la notificación de la solicitud solo fue enviada al Lcdo. Octavio J. Capó Pérez, representante legal del Sr. Santiago Ortiz, la Sra. Martínez Muñiz, y a la Sociedad Legal de Gananciales Compuesta por Ambos; y al Lcdo. Edwin Santiago, representante legal del Sr. Ramos Robles, la Sra. Román Torres y a la Sociedad Legal de Gananciales compuesta por ambos. Sin embargo, no fueron notificados el Sr. Santiago Martínez, la Panadería San Miguel de los Santiago, Inc., ni la Corporación.

Así las cosas, el 5 de diciembre de 2023 el TPI declaró No Ha Lugar la *Solicitud de Reconsideración* presentada por la Sra. Lugo Ruíz.

---

[10] Apéndice del recurso, págs. 91-93.
[11] Apéndice del recurso, págs. 2-3.
[12] Apéndice del recurso, págs. 4-5.

Ante su inconformidad, el 8 de enero de 2024, la Sra. Lugo Ruíz acudió ante nos y esbozó los siguientes señalamientos de errores:

**Primer error:** Erró el Tribunal de Primera Instancia al paralizar los procedimientos ante sí, ya que la quiebra del codemandado en rebeldía Raúl Santiago Martínez solo era extensiva a bienes de consumo y el caso ante el TPI no se trataba de bienes de consumo.

**Segundo error:** Erró el Tribunal de Primera Instancia al paralizar los procedimientos ante sí, ya que se trataba de una división de masa post ganancial, por lo que la mitad de los bienes en el caso no forman parte del capital del quebrado.

Este tribunal le concedió hasta el 12 de febrero de 2024 a la parte recurrida para que presentara su oposición. Oportunamente, el 8 de febrero de 2024 comparecieron el Sr. Santiago Ortiz, la Sra. Martínez Muñiz y la Sociedad Legal de Gananciales compuesta por ambos y mediante su representación legal solicitaron la desestimación del recurso por falta de jurisdicción. Entre otras cosas, alegan que partes indispensables no fueron notificadas de la *Moción de Reconsideración* presentada por la Sra. Lugo Ruíz ante el TPI.

El 20 de febrero de 2024, la parte peticionaria presentó una *Réplica a Solicitud de Desestimación.*

Contando con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

**A.**

La *jurisdicción* se refiere al poder o autoridad de un tribunal para considerar y decidir casos, por lo que su ausencia priva a un foro judicial del poder necesario para adjudicar una controversia. *Metro Senior v. AFV*, 209 DPR 203, 208 (2022); *Allied Mgmt. Group, v. Oriental Bank,* 204 DPR 374, 385-386 (2020). En múltiples y variadas ocasiones, el Tribunal Supremo ha expresado que los tribunales debemos ser celosos guardianes de esa jurisdicción que

nos ha sido concedida, examinando tal aspecto en primer orden, incluso cuando no haya sido planteado por ninguna de las partes. *Horizon v. Jta. Revisora, RA Holdings*, 191 DPR 228, 234 (2014). Además, se ha señalado que **los tribunales no tienen discreción para asumir jurisdicción donde no la hay**. *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652 (2014); S.L.G. *Solá-Morreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011); *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).

Un recurso tardío es aquel que se presenta pasado el término provisto para recurrir. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015). Por otra parte, un recurso prematuro es aquel que se presenta con relación a una determinación que está pendiente ante la consideración del tribunal apelado, es decir, que aún no ha sido finalmente resuelta. *Íd*. **Un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre**. *Íd*. No obstante, existe una importante diferencia en las consecuencias que acarrea cada una de estas desestimaciones. *Íd.* La desestimación de un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro. *Íd.*

La Regla 83(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C), **autoriza al Tribunal de Apelaciones a desestimar un recurso, a iniciativa propia o solicitud de parte, cuando carezca de jurisdicción para atenderlo**.

**B.**

En términos generales, una moción de reconsideración permite que la parte afectada por un dictamen judicial pueda solicitar al tribunal que considere nuevamente su decisión, antes de recurrir en alzada a un tribunal de mayor jerarquía. *División de Empleados Públicos de la Unión Gen. de Trabajadores v. Cuerpo de Emergencias Médicas de P.R.,* 2023 TSPR 107, 212 DPR ____

(2023); *Simons y otros v. Leaf Petroleum Corp.*, 209 DPR 216 (2022); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 731 (2016); *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 24 (2011); *Castro v. Sergio Estrada Auto Sales, Inc.*, 149 DPR 213, 217 (1999). Al respecto, la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47, dispone lo siguiente:

> "La parte adversamente afectada por una orden o resolución del Tribunal de Primera Instancia podrá, dentro del término de cumplimiento estricto de quince (15) días desde la fecha de la notificación de la orden o resolución, presentar una moción de reconsideración de la orden o resolución.
>
> La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, presentar una moción de reconsideración de la sentencia.
>
> La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que la parte promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales.
> La moción de reconsideración que no cumpla con las especificidades de esta regla será declarada "sin lugar" y se entenderá que no ha interrumpido el término para recurrir.
>
> Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración. **La moción de reconsideración se notificará a las demás partes en el pleito dentro de los quince (15) días establecidos por esta regla para presentarla ante el tribunal de manera simultánea.** El término para notificar será de cumplimiento estricto."

De conformidad con la Regla 47 de Procedimiento Civil, *supra*, una vez se presenta al TPI y **notifica a todas las partes** una **moción de reconsideración** de manera oportuna y fundamentada, se **interrumpe el término** para recurrir en alzada. Ese término comenzará a contarse de nuevo desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción

de reconsideración. Regla 52.2(e)(2) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2(e)(2). Véase, además, *Plan Salud Unión v. Seaboard Sur. Co.*, 182 DPR 714, 719 (2011); *Insular Highway v. A.I.I. Co.*, 174 DPR 793, 805 (2008); *Lagares v. E.L.A.,* 144 DPR 601, 613 (1997).

Ese término quedará automáticamente interrumpido al presentarse la moción de reconsideración, **siempre que se cumpla con los requisitos de forma expuestos en la Regla 47 de Procedimiento Civil**, *supra.*

### III

Como cuestión de umbral, nos corresponde determinar si tenemos jurisdicción para atender el recurso de *certiorari* presentado por la Sra. Lugo Ruíz.

Según reseñamos, el 27 de noviembre de 2023, la Sra. Lugo Ruíz, presentó una *Solicitud de Reconsideración*, la cual fue declarada No Ha Lugar por el TPI mediante la *Resolución* emitida el 5 de diciembre de 2023. Examinada esta solicitud, encontramos que la Corporación no fue notificada de su presentación a pesar de que no se encontraba en rebeldía. Únicamente se notificó con copia de esta moción a la representación legal del Sr. Santiago Ortiz, a la Sra. Martínez Muñiz y a la Sociedad Legal de Gananciales compuesta por ambos, y a la representación legal del Sr. Ramos Robles, la Sra. Román Torres y a la Sociedad Legal de Gananciales compuesta por ambos. Del expediente del presente caso surge que la Corporación compareció en el pleito mediante una *Moción Asumiendo Representación Legal.*[13] Además, esta parte presentó oportunamente su *Contestación a Tercera Demanda Enmendada*[14], en la cual incluyó una reconvención.

No habiendo sido notificada a todas las partes del pleito, resolvemos que la presentación de la solicitud de reconsideración

---

[13] Autos Originales, págs 536-539.
[14] Autos Originales, págs 544-546.

no tuvo el efecto de interrumpir el término legal para presentar un recurso de *Certiorari.* Este término comenzó a cursar a partir del 9 de noviembre de 2023, fecha en que se notificó la *Sentencia de Paralización por Quiebra.* Por lo tanto, habiéndose presentado este recurso de *Certiorari* el 8 de febrero de 2024, el mismo resulta tardío y, en consecuencia, no tenemos jurisdicción para atenderlo.

**IV**

Por los fundamentos anteriormente expuestos, se desestima el presente recurso de *Certiorari* por falta de jurisdicción al haberse presentado tardíamente.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones