Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| ASOCIACIÓN DE RESIDENTES DE LA URBANIZACIÓN VERSALLES, INC. (ARUVI)<br><br>Parte Apelante<br><br>v.<br><br>SERGIO CALDERÓN MARRERO; EVELYN DE CALDRÓN Y LA SOCIEDAD LEGAL COMPUESTA POR AMBOS<br><br>Parte Apelada | TA2025CE00496 | Revisión *Procedente Del Tribunal de Primera Instancia Sala Superior de Bayamón*<br><br>Sobre:<br>Regla 60<br>Cobro de Dinero<br><br>Caso núm.:<br>BY2025CV03085 |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Juez Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno

Robles Adorno, Juez Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 24 de septiembre de 2025.

El 23 de septiembre de 2025, la Asociación de Residentes de la Urbanización Versalles Inc, (ARUVI o parte apelante) presentó ante nos un *Recurso de Revisión Judicial* y *solicitud de Auxilio*[1] en el que solicitó que revoquemos una *Sentencia Parcial,* al amparo de la Regla 42.3 de Procedimiento Civil 32 LPRA Ap. V, R. 42.3, emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario).[2]

En el aludido dictamen, el TPI resolvió que procedía la solicitud de desestimación, en cuanto a toda reclamación de cobro de dinero relacionada a las cuotas de mantenimiento fechadas previo al 16 de septiembre de 2019, con relación a las cuotas de

---

[1] Acogemos el presente recurso como una Apelación dado que el TPI emitió una Sentencia Parcial.
[2] Entrada Núm. 17 del caso Núm. BY2025CV03085 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

mantenimiento adeudadas por el señor Sergio Calderón y otros (parte apelada). Ello, debido a que estaba prescrito el término para instar una acción de cobro de dinero con respecto a las mencionadas cuotas de mantenimiento.

En unión al recurso ante nos, el 23 de septiembre de 2025, la parte apelante radicó una *Solicitud de Auxilio de Jurisdicción* en la que solicitó que ordenemos la paralización de los procedimientos en el TPI en aras de que el foro primario no le impusiera las sanciones advertidas en la *Orden* emitida el 18 de agosto de 2025, de no presentar una *Demanda Enmendada.*[3]

De umbral, debemos mencionar que la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025), le confiere a este foro la facultad para prescindir de escritos, en cualquier caso, ante su consideración, con el propósito de lograr su más justo y eficiente despacho.

Por los fundamentos que expondremos a continuación, de su faz declaramos No Ha Lugar a la *Solicitud de Auxilio de Jurisdicción* y desestimamos el recurso ante nos por falta de jurisdicción.

**I.**

El caso de epígrafe tiene su inicio cuando el 12 de junio de 2025, la parte apelante instó una *Demanda* por cobro de dinero conforme la Regla 60 de Procedimiento Civil, *supra*, R. 60, en la que alegó que la parte apelada le adeudaba una suma de dinero en concepto de la cuota de mantenimiento.[4] Arguyó que, en las condiciones restrictivas acordadas en favor de la Urbanización Versalles, quedó pactado que los titulares debían pagar una cuota

---

[3] Entrada Núm. 18 del caso Núm. BY2025CV03085 en el SUMAC.
[4] Entrada Núm. 1 del caso Núm. BY2025CV03085 en el SUMAC.

de mantenimiento por la cuantía de $35.00. Así pues, cada titular estaba obligado en pagar la cuota de mantenimiento.

El 10 de julio de 2025, la parte apelada instó una *Moción de desestimación* a tenor con la Regla 7.2 de Procedimiento Civil, *supra*, R. 7.2, en la que argumentó que no fue interrumpido el término prescriptivo para reclamar las deudas reclamadas por la parte apelante.[5] Encima, sostuvo que la parte apelante le envió una carta el 16 de septiembre de 2025, la cual tuvo el efecto de interrumpir el término prescriptivo. Por tanto, indicó que el término prescriptivo comenzó a transcurrir a partir del 16 de septiembre de 2019. Ello, toda vez que le es de aplicación el término prescriptivo de cuatro (4) años para instar una acción de cobro de dinero. Así pues, argumentó que la parte apelante no podía solicitar el pago de las cuotas de mantenimiento toda vez que estaba prescrita la deuda reclamada. No obstante, incluyó una carta con fecha de abril 2019 que resultó haber sido devuelta por correo postal.

El 14 de julio de 2025, la parte apelante incoó una *Oposición a solicitud de desestimación* en la que anejó el estado de cuenta que refleja la fecha de balance, monto total de la deuda y cargos por mora.[6] Asimismo, unió a la moción, un documento suscrito por el demandado en el que realizó un pago en concepto de la cuota de mantenimiento. Por ende, razonó que la parte apelada reconoció la deuda mantenía en relación con la cuota de mantenimiento. Por otro lado, afirmó que la deuda era una liquida, vencida y exigible y, por tanto, procedía el cobro de dinero del monto reclamado en la *Demanda*.

Tras diversos incidentes procesales, el 14 de agosto de 2025, notificada el 15 de agosto de 2025, el TPI emitió una *Sentencia*

---

[5] Entrada Núm. 8 del caso Núm. BY2025CV03085 en el SUMAC.
[6] Entrada Núm. 11 del caso Núm. BY2025CV03085 en el SUMAC.

*Parcial* en la que resolvió que, analizada la prueba en el expediente, procedía desestimar, de conformidad con la Regla 42.3 de Procedimiento Civil, *supra,* R. 42.3, toda reclamación de deuda anterior al 16 de septiembre de 2019.[7] Ello, puesto que la carta enviada por la parte apelante con fecha de abril 2019 fue devuelta y, no produjo el efecto de interrumpir el término prescriptivo de cuatro años. Consecuentemente, toda deuda previa al 16 de septiembre de 2019 estaba prescrita. Ante ello, el TPI convirtió el trámite sumario a uno ordinario.

El 3 de septiembre de 2025, el foro primario emitió una *Orden* en la que ordenó a la parte apelante a presentar una *Demanda enmendada,* so pena de sanciones económicas.[8]

El 15 de septiembre de 2025, la parte apelante radicó una *Moción de reconsideración* a los fines de que el TPI atendiera las deudas anteriores al 16 de septiembre de 2019.[9]

El 15 de septiembre de 2025, notificada el 17 de septiembre de 2025, el foro primario emitió una *Resolución interlocutoria* en la que declaró No Ha Lugar de plano la reconsideración tras haber sido presentada fuera del término dispuesto en la Regla 47 de Procedimiento Civil, *supra,* R. 47.

Inconforme, el 23 de septiembre de 2025, la parte apelante radicó un *Recurso de Revisión Judicial* y *solicitud de Auxilio* en el que formuló los siguientes señalamientos de error:

> Primer error: El foro de instancia interpretó erróneamente que la Regla 42.3 [de Procedimiento Civil, *supra*] permite dictar sentencia parcial en un caso de cobro sumario con una sola reclamación. Al resolver la única controversia bajo la Regla 42.3 de las de Procedimiento Civil y certificarla como sentencia final, el tribunal aplicó indebidamente una norma diseñada para litigios complejos, privó al pleito de su cauce natural y se desvió de la doctrina de ordenar convertir los casos sumarios a trámite ordinario en vez de desestimarlos

---

[7] Entrada Núm. 17 del caso Núm. BY2025CV03085 en el SUMAC.
[8] Entrada Núm. 18 del caso Núm. BY2025CV03085 en el SUMAC.
[9] Entrada Núm. 19 del caso Núm. BY2025CV03085 en el SUMAC.

o adjudicarlos tempranamente. Este desacierto sustantivo constituye abuso de discreción y un error craso de derecho.

Segundo error: Erró el Tribunal de Primera Instancia al no atender la moción de reconsideración de plano y sin evaluarla bajo la errónea interpretación que la referida Sentencia Parcial como una que determinación que pone fin al litigio en todas sus partes, resolviendo todas las reclamaciones y controversias entre todas las partes, cuando al mantener la controversia, las partes, y el reclamo en realidad constituye un[a] Resolución puesto que con su dictamen no concluye el pleito en su totalidad.

Tercer error: Al certificar la prescripción mediante sentencia parcial (bajo la Regla 42.3 [de Procedimiento Civil, *supra*]) el tribunal fijó anticipadamente la cuantía litigada sin ser específica en su determinación. El abuso de discreción afecta el debido proceso de ley y establece nuevas controversias lejos de reducirlas. Dicha determinación y sus fundamentos son contrarios a derecho.

De conformidad con la Regla 7 (B) (5) de nuestro Reglamento, *supra*, procederemos a disponer del recurso de epígrafe.

**II.**

**A.**

La jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos o controversias con efecto vinculante entre las partes. *MCS Advantage, Inc. V. Fossas Blanco*, 211 DPR 135, 144 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021); *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385–386 (2020); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020). Los tribunales estamos impedidos de atender controversias en las que carezcamos de jurisdicción sobre la materia. *MCS Advantage, Inc. V. Fossas Blanco, supra*, pág. 144-145. La jurisdicción sobre la materia ha sido definida como "la capacidad del Tribunal para atender y resolver una controversia sobre un aspecto legal". *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014).

Los tribunales deben ser celosos guardianes de su jurisdicción y no tienen discreción para asumir jurisdicción donde no la tienen. *SLG Szendrey Ramos v. F. Castillo*, 169 DPR 873, 882 (2007); *Morán v. Martí*, 165 D.P.R. 356 (2005). Los asuntos relacionados a la jurisdicción son privilegiadas y deben resolverse con preferencia a cualquiera otras. *SLG Szendrey Ramos v. F.*

*Castillo,* supra pág. 882. Los tribunales deben examinar su propia jurisdicción, así como del foro de donde procede el recurso ante su consideración. *SLG Szendrey Ramos v. F. Castillo,* supra pág. 883.

**B.**

La Regla 47 de Procedimiento Civil, *supra*, R. 47, establece que, "una parte adversamente afectada por una orden o resolución del Tribunal de Primera Instancia podrá presentar, dentro del término de cumplimiento estricto de quince (15) días desde la fecha de la notificación de la orden o resolución, una moción de reconsideración de la orden o resolución". En esa línea, una moción de reconsideración interrumpe los términos para apelar. Regla 47 de Procedimiento Civil, *supra*, R. 47; *Plan de Salud Unión v. Seaboard Sur. Co,* 182 DPR 714, 719 (2011). El mero hecho de la presentación de una moción de reconsideración tiene el efecto de interrumpir el término para apelar la sentencia. *Plan de Salud Unión v. Seaboard Sur. Co, supra,* pág. 719. Sin embargo, el término para apelar se reinicia una vez el foro primario resuelva la moción y archive en autos de copia de la notificación del dictamen. *Plan de Salud Unión v. Seaboard Sur. Co, supra,* pág. 720, *Insular Highway v. A.I.I. Co.,* 174 D.P.R. 793 (2008); *Castro v. Sergio Estrada Auto Sales, Inc.,* 149 D.P.R. 213 (1999); *Rodríguez Rivera v. Autoridad Carreteras, 110 D.P.R. 184* (1980).

Ahora bien, en caso de la moción de reconsideración incumpla con los criterios fijados en la citada regla, se entenderá que no ha interrumpido el término para recurrir. Regla 47 de Procedimiento Civil, *supra*, R. 47. Así pues, destacamos que el término para una parte apelar es uno improrrogable. *Plan de Salud Unión v. Seaboard Sur. Co, supra,* pág. 721. Cónsono con lo anterior, el Tribunal Supremo ha expresado que, el término para apelar "transcurre inexorablemente y el tribunal no tiene jurisdicción para entender en un recurso presentado fuera de éste, no importa las consecuencias

procesales que su expiración conlleve". *Vélez v. A.A.A*, 164 DPR 772, 786 (2005). Con ello, Regla 83 (c) del Reglamento del Tribunal de Apelaciones, *supra*, esta facultado a iniciativa propia poder desestimar un recurso de apelación o denegar un auto discrecional por cualquier motivo consignado en el inciso (b) de la citada regla. En esa línea la Regla 83 (b) de nuestro Reglamento, *supra*, nos autoriza a desestimar un recurso cuando sea presentado fuera de término, en caso de una apelación, tal como lo establece la Regla 13 del Reglamento del Tribunal de Apelaciones, *supra*.

**III.**

En virtud de las normas jurídicas pormenorizadas resolvemos que carecemos de jurisdicción para atender el recurso ante nos. Ello, atiende a nuestro deber en ser "celosos guardianes de nuestra jurisdicción" en los asuntos ante nuestra consideración. De igual forma, no debemos asumir jurisdicción en donde carezcamos de tenerla.

En atención al caso ante nos, la Regla 13 del Reglamento del Tribunal de Apelaciones, *supra,* dispone que una parte tiene treinta (30) días para presentar un recurso de apelación desde el archivo en autos de una copia de la notificación de la sentencia. Así pues, de una parte apelante presentar fuera del término antes citado un recurso de Apelación, la Regla 83 (c) de nuestro Reglamento*, supra,* nos faculta a desestimar un recurso cuando sea presentado fuera del término citado.

Tras un análisis cuidadoso del expediente nos corresponde desestimar el recurso ante nuestra consideración. Ciertamente, el foro primario emitió el 14 de agosto de 2025, notificada el 15 de agosto de 2025, una *Sentencia Parcial.* Empero, la parte apelante instó el 15 de septiembre de 2025 una *Moción de reconsideración.* A esos efectos, la parte apelante incoó fuera del término de quince (15)

días la mencionada *Moción de reconsideración*. Ante la presentación tardía de la *Moción de reconsideración*, no tuvo el efecto de interrumpir el término para acudir ante esta Curia. Consecuentemente, el término para acudir ante nos continuó decursando y, por tanto, no presentó dentro del término estatutario, el recurso ante nuestra consideración. En fin, el recurso fue presentado tardíamente toda vez que la *Moción de reconsideración* no interrumpió el término para acudir ante este Tribunal de Apelaciones.

A la luz de lo esbozado, resolvemos que carecemos de jurisdicción para atender el caso ante nos.

## IV.

Por los fundamentos que anteceden, desestimamos el recurso ante nuestra consideración y declaramos No Ha Lugar la *Solicitud de auxilio de jurisdicción*.

**Notifíquese inmediatamente.**

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones