Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| EL PUEBLO DE PUERTO RICO<br><br>Parte Apelada<br><br><br>VS.<br><br><br>TIFFANY MARIE MARTINEZ<br><br>Parte Apelante | TA2026AP00219 | *APELACIÓN*<br>Procedente del Tribunal de Primera Instancia, Sala de Mayagüez<br><br>Caso núm.:<br>I1CR202500288<br>I1CR202500289<br><br>Sobre:<br>LEY 154- 2008, según enmendada, Art. 2.B; Art. 3.A |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Robles Adorno, Juez Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de marzo de 2026.

El 2 de marzo de 2026, la señora Tiffany Marie Martínez (la señora Martínez o la apelante) presentó ante nos un *Escrito de Apelación* en el que solicitó que revoquemos la Sentencia emitida el 29 de enero de 2026, notificada el 4 de marzo de 2026, por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI o foro primario).[1]

En el aludido dictamen, el foro primario declaró culpable a la apelante por infringir el Art. 3.A de la *Ley para el Bienestar y la Protección de los Animales*, Ley Núm. 154 de 4 de agosto de 2008, según enmendada, 5 LPRA sec. 1666 (Ley Núm. 154-2008).

Después de examinar con detenimiento el recurso de epígrafe, optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42,

---

[1] *Véase Sentencia.*

216 DPR __ (2025). Consecuentemente, procederemos a resolver el caso de autos sin la comparecencia del Ministerio Público.

Por los fundamentos que expondremos a continuación, desestimamos el recurso por carecer de jurisdicción.

**I.**

Surge del presente recurso que, el caso tuvo su origen cuando, el Agente Freddy Figueroa Olan (Agte. Figueroa Olan), testigo del Pueblo de Puerto Rico (Ministerio Público o parte apelada) patrullaba por un área de Mayagüez y observó que el carro de la señora Martínez estaba en estacionado en contra del tránsito.[2] Ante ello, notó que dentro del vehículo había un perro. En esa línea, el Agte. Figueroa Olan estuvo tres (3) horas esperando si alguien acudía al vehículo, pero no ocurrió. Ante ello, el Agte Figueroa Olan indicó que, procedió a sacar el perro del vehículo. Empero, la señora Martínez acudió al cuartel dado que localizó a su mascota mediante un dispositivo "GPS" que tenía su perro.

Así las cosas, el 29 de enero de 2026, el TPI celebró un juicio en el que, luego de evaluar la prueba ante sí, declaró culpable a la apelante por violentar el Art. 2A de la Ley Núm. 154-2008, *supra* sec. 1665 y el Art. 3A de la Ley Núm. 154-2008, *supra* sec. 1666.[3] Consecuentemente, ordenó que la apelante pagara la cuantía de cuatro mil dólares ($4,000.00) en concepto de multa o un día de cárcel por cada cincuenta (50) dólares dejados de satisfacer.

Insatisfecha, el 11 de febrero de 2026, la señora Martínez radicó una *Moción de reconsideración* en la que alegó que el Ministerio Público no demostró más allá de duda razonable que esta incurrió en cometer los delitos citados. [4] Arguyó que, la parte apelada no demostró evidencia sobre algún patrón de maltrato que esta realizara en su mascota. Asimismo, argumentó que, no había

---

[2] *Véase Minuta.*
[3] *Véase Sentencia.*
[4] *Véase Moción de reconsideración.*

evidencia documental sobre los hechos narrados por el testigo del Ministerio Público. Por otro lado, alegó que, la grabación del juicio era defectuosa y, por tanto, se le estaría afectando su derecho a apelar.

El 13 de febrero de 2026, la señora Martinez instó un *Alegato suplementario a moción de reconsideración* en el que reiteró su petitorio de la *Moción de reconsideración.*[5] Añadió que, no se configuraron los elementos de delito que establecen los Art. 2A de la Ley Núm. 154-2008, *supra* sec. 1665 y el Art. 3A de la Ley Núm. 154-2008, *supra* sec. 1666.

Así las cosas, el 13 de febrero de 2026, notificada el 10 de marzo de 2026[6], el TPI emitió una *Resolución y Orden* en la que declaró No Ha Lugar la *Moción de reconsideración* y el *Alegato suplementario a moción de reconsideración.*[7]

Inconforme, el 2 de marzo de 2026, la apelante instó un *Escrito de Apelación* en el que formuló los siguientes señalamientos de error:

> Primer error: Erró el Tribunal de Primera Instancia al declarar culpable a la apelante, cuando la prueba presentada por el Ministerio Público aun vista en la luz más favorable a la acusación, resultó jurídicamente insuficiente para establecer más allá de toda duda razonable los elementos esenciales de los delitos tipificados en los Artículos 2(b) y 3(a) de la Ley Núm. 154-2008.
>
> Segundo Error: Erró el Tribunal de Primera Instancia al no preservar adecuadamente el récord del juicio mediante una grabación inteligible y completa de los procedimientos, lo que impide una revisión apelativa efectiva sobre la suficiencia de la prueba y la corrección del fallo emitido.

Examinado el recurso ante nos, denotamos que la parte apelante no presentó los documentos necesarios para que esta Curia ausculte la jurisdicción.

---

[5] *Véase Alegato suplementario* a *moción de reconsideración.*
[6] La apelante adujo que, no fue debidamente notificada sobre la *Resolución y Orden* y, por tanto, el 10 de marzo de 2026, el TPI nuevamente notificó el mencionado dictamen.
[7] *Véase Resolución y Orden.*

Ante ello, el 4 de marzo de 2026, emitimos una *Resolución* en la que le ordenamos a la señora Martínez que presentara la *Sentencia final*, junto al volante de notificación y, de haber presentado alguna, Moción de reconsideración y Resolución del foro primario en el que haya atendido la misma.

En cumplimiento, el 8 de marzo de 2026, la apelante radicó una *Moción en cumplimiento de Resolución dictada el 4 de marzo de 2026*, en la que anejó los documentos solicitados.

No obstante, el 10 de marzo de 2026, emitimos una *Resolución* solicitándole a la señora Martínez que presentara la Resolución del Tribunal de Primera Instancia atendiendo, junto al debido volante de la notificación, la *Moción de Reconsideración* presentada el 11 de febrero de 2026 y el *Alegato Suplementario a Moción de Reconsideración* radicada el 13 de febrero de 2026 por la apelante.

En igual fecha, la señora Martínez instó una *Moción en cumplimiento de Resolución dictada el 10 de marzo de 2026* en la que sostuvo que, se comunicó con la Secretaría del TPI y esta le informó que, el 19 de febrero de 2026, el TPI emitió una *Resolución* en la que atendió la *Moción de Reconsideración* y el *Alegato Suplementario a Moción de Reconsideración*.

No obstante, la apelante sostuvo que, le informó a Secretaria que desconocía sobre dicho dictamen debido a que no fue notificada con respecto a ello. Así pues, ante la notificación inoficiosa, la Secretaria del *foro a quo* le notificó el 10 de marzo de 2026, la *Resolución* en la que atendió las referidas mociones.

De conformidad con la Regla 7 (B) (5) de nuestro Reglamento, *supra*, procederemos a disponer del recurso de autos dado que dicha regla nos permite prescindir de los escritos, tal como lo es el caso de autos.

## II.

### A.

La jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos o controversias con efecto vinculante entre las partes. *MCS Advantage, Inc. V. Fossas Blanco*, 211 DPR 135, 144 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021); *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385–386 (2020); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020). Los tribunales estamos impedidos de atender controversias en las que carezcamos de jurisdicción sobre la materia. *MCS Advantage, Inc. V. Fossas Blanco, supra*, pág. 144-145. La jurisdicción sobre la materia ha sido definida como "la capacidad del Tribunal para atender y resolver una controversia sobre un aspecto legal". *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014). Los asuntos relacionados a la jurisdicción son privilegiados y deben resolverse con preferencia a cualquiera otro asunto. *SLG Szendrey Ramos v. F. Castillo, supra*, pág. 882. Los tribunales deben examinar su propia jurisdicción, así como del foro de donde procede el recurso ante su consideración. *SLG Szendrey Ramos v. F. Castillo, supra*, pág. 883. Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). Por tal razón, es norma reiterada que los tribunales son celosos guardianes de su jurisdicción y que tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. *Pueblo v. Torres Medina*, 211 DPR 950 (2023). Los tribunales no tienen discreción para asumir jurisdicción donde no la tienen. *SLG Szendrey Ramos v. F. Castillo*, 169 DPR 873, 882 (2007); *Morán v. Martí*, 165 D.P.R. 356 (2005).

**B.**

La Regla 47 de Procedimiento Civil, *supra*, R. 47, establece que, "una parte adversamente afectada por una orden o resolución del Tribunal de Primera Instancia podrá presentar, dentro del término de cumplimiento estricto de quince (15) días desde la fecha de la notificación de la orden o resolución, una moción de reconsideración de la orden o resolución". En esa línea, una moción de reconsideración interrumpe los términos para apelar. Regla 47 de Procedimiento Civil, *supra*, R. 47; *Plan de Salud Unión v. Seaboard Sur. Co,* 182 DPR 714, 719 (2011). El mero hecho de la presentación de una moción de reconsideración tiene el efecto de interrumpir el término para apelar la sentencia. *Plan de Salud Unión v. Seaboard Sur. Co, supra*, pág. 719. Cuando se presenta una moción de reconsideración el foro primario retiene la jurisdicción para reevaluar en todo o en parte la sentencia. *Pueblo v. Rivera Ortiz,* 209 DPR 402, 426 (2022). Sin embargo, el término para apelar se reinicia una vez el foro primario resuelva la moción y archive en autos de copia de la notificación del dictamen. *Plan de Salud Unión v. Seaboard Sur. Co, supra*, pág. 720, *Insular Highway v. A.I.I. Co.*, 174 D.P.R. 793 (2008); *Castro v. Sergio Estrada Auto Sales, Inc.*, 149 D.P.R. 213 (1999); *Rodríguez Rivera v. Autoridad Carreteras, 110 D.P.R. 184* (1980).

Ahora bien, en caso de que la moción de reconsideración incumpla con los criterios fijados en la citada regla, se entenderá que no ha interrumpido el término para recurrir. Regla 47 de Procedimiento Civil, *supra*, R. 47. Así pues, destacamos que el término para una parte apelar es uno improrrogable. *Plan de Salud Unión v. Seaboard Sur. Co, supra*, pág. 721. Cónsono con lo anterior, el Tribunal Supremo ha expresado que, el término para apelar "transcurre inexorablemente y el tribunal no tiene jurisdicción para entender en un recurso presentado fuera de éste, no importa las

consecuencias procesales que su expiración conlleve". *Vélez v. A.A.A,* 164 DPR 772, 786 (2005). La Regla 13 de nuestro Reglamento, *supra*, R. 13, dispone que,

> Las apelaciones contra las sentencias dictadas en casos civiles por el Tribunal de Primera Instancia se presentarán dentro del término jurisdiccional de treinta días contados desde el archivo en autos de una copia de la notificación de la sentencia, a menos que alguna ley especial aplicable disponga un término distinto. El archivo en autos de copia de la notificación de tales sentencias será equivalente a la fecha de envío de la notificación por la plataforma electrónica designada.

Con ello, Regla 83 (c) del Reglamento del Tribunal de Apelaciones, *supra*, está facultado a iniciativa propia poder desestimar un recurso de apelación o denegar un auto discrecional por cualquier motivo consignado en el inciso (b) de la citada regla. En esa línea la Regla 83 (b) de nuestro Reglamento, *supra*, nos autoriza a desestimar un recurso cuando sea presentado fuera de término, en caso de una apelación, tal como lo establece la Regla 13 del Reglamento del Tribunal de Apelaciones, *supra*.

### III.

En virtud de los principios pormenorizados, los tribunales deben ser celosos guardianes de su jurisdicción y no poseen discreción para asumirla donde no la tienen. *Allied Mgmt. Group v. Oriental Bank, supra.* Asimismo, este Tribunal de Apelaciones no puede ejercer su función revisora si una parte no cumple en presentar un recurso dentro de los términos estatutarios. Veamos.

Surge del expediente ante nos que, el **29 de enero de 2026**, el foro primario emitió una *Sentencia* en la que encontró culpable a la señora Martínez. Así pues, el **11 de febrero de 2026**, la apelante instó una *Moción en reconsideración*. Luego, el **13 de febrero de 2026**, presentó un *Alegato suplementario a Moción de Reconsideración*. No obstante, el **2 de marzo de 2026**, la señora Martínez radicó ante nos un recurso de *Apelación* en el que solicitó que revoquemos el dictamen apelado.

Ahora bien, tras examinar con detenimiento los documentos presentados por la apelante, denotamos la ausencia de un pronunciamiento judicial con relación a las mencionadas mociones. A solicitud de esta Curia, mediante una *Resolución* emitida el 10 de marzo de 2026, la apelante presentó una *Moción en cumplimiento de Resolución dictada el 10 de marzo de 2026* en la sostuvo que, no fue debidamente notificada por la secretaria del TPI con respecto a una *Resolución* emitida el 19 de febrero de 2026, en la que el foro primario atendió las referidas mociones. Con ello, la Secretaria del *foro a quo* le notificó nuevamente sobre la referida *Resolución*. Así pues, la apelante presentó un volante de notificación en el que se desprende que, el **10 de marzo de 2026**, fue notificada de la *Resolución* en la que el *foro a quo* atendió las mencionadas mociones. Es decir, la apelante fue notificada posterior a la fecha de la presentación de este recurso de *Apelación*.

Ciertamente, denotamos que, luego de examinar el tracto procesal del recurso, ante la notificación inoficiosa de la *Resolución* en cuestión, produjo que a la fecha de la presentación la *Apelación* no iniciara a decursar el término para acudir ante nos mediante una apelación. Al amparo de las reglas aplicables y la jurisprudencia, este Tribunal puede atender un recurso una vez la parte sea debidamente notificada sobre la Resolución en la que el TPI atienda la reconsideración.[8]

La ausencia de la notificación sobre el dictamen ocasionó que no pudiéramos entrar en los méritos de la controversia tomando en consideración la fecha en que se presentó la *Apelación*, la cual fue el 2 de marzo de 2026, y la fecha en que fue notificada sobre la *Resolución* en la que el TPI atendió las mociones de reconsideración

---

[8] *Véase*, la Regla 13 de nuestro Reglamento, *supra*; *Plan de Salud Unión v. Seaboard Sur. Co, supra*, pág. 720.

fue el 10 de marzo de 2026. Así, el término para acudir ante nos inició cuando fue notificado con respecto a la referida *Resolución*.

A la luz de los fundamentos pormenorizados, procederemos a desestimar la *Apelación* en virtud de que la *Apelación* fue presentada previo a que la apelante fuese correctamente notificada sobre la *Resolución* en la que el TPI atendió las mociones de reconsideración. Por lo tanto, no habían comenzado a decursar los términos para poder acudir en revisión judicial.

**IV.**

Por los fundamentos que anteceden, desestimamos la *Apelación*, por falta de jurisdicción.

Notifíquese.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones