Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel II

| | | |
|---|---|---|
| SAÚL SANTIAGO GONZÁLEZ y OTROS<br>        Recurridos<br><br><br>v.<br><br><br>ANA DELIA DE JESÚS MALDONADO y OTROS<br>        Demandados<br><br><br>v.<br><br>INMOBILIARIA SIPAC, INC. y SU ÚNICO ACCIONISTA SIXTO PACHECO<br>        Peticionarios | KLCE202400351 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Caso Núm. CG2022CV0125<br><br>Sobre: Prescripción Extraordinaria / Usucapión |

Panel integrado por su presidente, el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

Adames Soto, Juez Ponente


**RESOLUCIÓN**


En San Juan, Puerto Rico, a 8 de mayo de 2024.

Comparece Inmobiliaria SIPAC, Inc., (SIPAC o apelante), mediante recurso de *certiorari,* el cual acogemos como apelación,[1] solicitando la revisión de una *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI), el 26 de octubre de 2023.[2] En el contexto de un pleito sobre prescripción extraordinaria, SIPAC solicitó que se dejara sin efecto por falta de parte indispensable una *Sentencia* emitida por el TPI, mediante la cual se determinó que el señor Saúl Santiago González, la señora Carmen Iris Rodríguez Sánchez y la Sociedad Legal de Bienes

_____

[1] Para fines de economía procesal, mantenemos su designación alfanumérica original.
[2] Notificada el 22 de diciembre de 2023.

NÚMERO IDENTIFICADOR

SEN2024_____

Gananciales compuesta por ambos (los apelados), cumplían con todos los requisitos para que aconteciera la prescripción extraordinaria.

Sin embargo, antes de considerar el señalamiento de error alzado por SIPAC, debemos dilucidar una interrogante de carácter jurisdiccional. Según se sabe, las cuestiones jurisdiccionales son materia privilegiada y deben resolverse con preferencia a los demás asuntos. *Mun. San Sebastián v. QMC Telecom, O.G.O.,* 190 DPR 652, 660 (2014).

## I. Resumen del tracto procesal

Limitándonos a exponer solo los asuntos procesales pertinentes, el 21 de abril de 2022, los apelados presentaron una *Demanda* sobre prescripción adquisitiva extraordinaria contra la señora Ana Delia de Jesús y el señor Dale Chester Brown (demandados). En síntesis, los apelados alegaron ser dueños del solar número treinta y uno de la urbanización Valle Borinquen de Gurabo, Puerto Rico, (solar número 31), la cual adquirieron mediante compra el 4 de septiembre de 1987.

Esgrimieron, además, que los demandados eran dueños del solar veintiuno en la Urbanización Valle Borinquen de Gurabo, Puerto Rico (solar número 21). Adujeron que el referido solar constaba inscrito en el Registro de la Propiedad a favor de los demandados, según compraventa del 8 de mayo de 1998. Al mismo tiempo, expusieron que los demandados compraron de los anteriores dueños registrales, Juan Rodríguez Borroso y Blanca Iris Mojica Cuevas, casados entre sí, quienes adquirieron, a su vez, el 23 de noviembre de 1993, de Jose Antonio González Pelares y su esposa Aida Iris Rivera Fernández, titulares de esta propiedad desde su inscripción en el Registro por segregación, el 25 de mayo de 1984.

En consecuencia, los apelados expusieron que ninguno de estos titulares registrales, pasados o actuales, habían reclamado su derecho al solar número 21, ni mucho menos habían efectuado actos de dominio o presentado acción alguna para exigir el cese del uso del terreno por los apelados desde el 1986.

De esta manera, los apelados plantearon que, desde hacía más de 30 años, habían utilizado públicamente el solar número 21 —el cual colinda con su propiedad— en concepto de dueño, de manera continua, sin interrupción alguna como parte de su propiedad. También, aseveraron que el único acceso posible al solar número 21 es por el solar número 31. Por tanto, los apelados solicitaron que se reconociera su derecho sobre el solar número 21, por virtud de la prescripción adquisitiva extraordinaria, y se ordenara su inscripción en el Registro de la Propiedad a su nombre.

Posteriormente, a petición a los apelados, el 30 de junio de 2022,[3] el TPI emitió *Orden de Anotación Preventiva de Demanda.*

De conformidad, y luego de que fueran superados varios trámites procesales, el TPI le anotó la rebeldía a los demandados. Entonces, el 28 de abril de 2023, los apelados presentaron *Solicitud de Sentencia Sumaria sobre Petición de Prescripción Adquisitiva Extraordinaria.* Manifestaron que las alegaciones presentadas en la demanda no habían sido controvertidas de modo que procedía la concesión del remedio solicitado. Asimismo, argumentaron que con la prueba presentada —declaraciones juradas de los apelados y de testigos con conocimiento personal y directo de los hechos—, así como las admisiones de los demandados por efecto de la rebeldía anotada en su contra, se había demostrado que los apelados habían ejercido actos de dominio en calidad de dueños en el solar número 21 de forma ininterrumpida por 36 años. Conforme a ello, solicitaron que se dictara sentencia sumaria resolviendo que estos adquirieron por usucapión el solar número 21, y se ordenara la inscripción del solar a su nombre.

A raíz de lo cual, el 20 de octubre de 2023,[4] el TPI emitió *Sentencia* formulando las siguientes determinaciones de hechos:

---

[3] Notificada el 5 de julio de 2022.
[4] Notificada el 26 de octubre de 2023.

1. La parte demandante es la propietaria del solar 31 de la Urbanización Valle Borinquen en Gurabo, Puerto Rico desde el 4 de septiembre de 1987.

2. La parte demandada es la dueña registral del solar 21 de la aludida urbanización desde el 8 de mayo de 1998.

3. El 21 de la Urbanización Valle Borinquen en Gurabo, Puerto Rico colinda con el terreno de la parte demandante. Incluso, para poder acceder al mismo es a través de la propiedad de la parte demandante.

4. Desde el 1987 la parte demandante lleva utilizando en concepto de dueño, pública, continua e ininterrumpidamente el solar 21 de la Urbanización Valle Borinquen en Gurabo, Puerto Rico. Nadie le ha impedido el uso y disfrute de dicho solar a la parte demandante.

5. En dicha propiedad la parte demandante ha edificado un inmueble, ha sembrado árboles frutales, ha delimitado la propiedad con una verja para su disfrute exclusivo y, también, le provee mantenimiento.

6. Mediante declaraciones juradas los siguientes vecinos de la parte demandante afirman que esta ha utilizado por espaci[o] de más de 30 años el solar 21 de la Urbanización Valle de Borinquen de Gurabo, Puerto Rico en concepto de dueño, pública, continua e ininterrumpidamente, estos son: Carlos Vélez de Jesús, Juan G. Rivera Ramos y Juan Rubén Rivera Ortiz. También, acreditaron que en el mencionado solar 21 la parte demandante ha realizado una edificación inmueble, ha cercado el área para su uso exclusivo y es quien le da mantenimiento.

7. La inscripción registral del solar 21 de la Urbanización Valle Borinquen en Gurabo, Puerto Rico es:
**Finca 8, 280**
**RÚSTICA: Parcela número 8. Parcela de terreno radicada en el Barrio Navarro de Gurabo, compuesta de tres mil novecientos treinta metros punto treinta y nueve centímetros, equivalentes a una cuerda, en lindes por el NORTE, en 49.734 metros con un camino de uso público, por el SUR en 49.741 metros con Nicolás Quiñonez, por el ESTE, en 78.962 metros con la parcela 7, por el OESTE, en 78.962 metros con el remanente de la finca principal. Gravada con la HIPOTECA que expresa la inscripción 3ª, y con la HIPOTECA que expresa la inscripción 4ª. Los esposos Don Juan Rodríguez Barroso, con Seguro Social [XXX-XX-XXXX], y Doña Bianca Iris Mojica Cueva con Seguro Social [XXX-XX-XXXX], mayores de edad, Vecinos de Caguas, adquirieron la totalidad de esta finca en pleno dominio con carácter ganancial, por los títulos que expresa la inscripción 2ª, y la VENDEN a Don Dale Chester Brown, con Seguro Social [XXX-XX-XXXX] y Ana Delia de Jesús Maldonado con Seguro Social [XXX-XX-XXXX], ambos mayores de edad, solteros, vecinos de San Juan, los cuales adquieren en cuanto a UN CINCUENTA POR CIENTO para cada uno por precio recibido de $86,500.00. Así resulta de copia certificada de la escritura número, once otorgada el día 8 de mayo de 1998 ante el Notario Antonio Rodríguez Fraticelli. Presentado a las 11:45 de la mañana del día 19 de febrero de 1999 al asiento 194 del diario 391. En**

**Caguas, a ocho de abril de dos mil tres.[5]** (Énfasis en el original).

El tribunal *a quo* concluyó que los apelados cumplieron con todos los requisitos dispuestos en el Código Civil de 1930,[6] 31 LPRA sec. 5280, para reconocer que había acontecido la prescripción extraordinaria, respecto al solar número 21. En este sentido, ese mismo foro determinó que los apelados: (1) han actuado como dueños del solar desde 1987, más de 30 años; (2) construyeron un inmueble en el referido solar, lo cercaron para su uso exclusivo y le han dado mantenimiento; y (3) durante el tiempo transcurrido nadie ha ido a ejercer actos de titularidad en la propiedad en controversia, ni intervenido con el disfrute de esta. En atención a lo anterior, el TPI declaró con lugar la solicitud de sentencia sumaria y ordenó la inscripción del derecho a la titularidad de dicho inmueble a favor de los apelados en el Registro de la Propiedad.

El 22 de diciembre de 2023, se notificó la referida *Sentencia* mediante edicto.[7]

Una vez notificada la *Sentencia* aludida, SIPAC presentó una *Moción de Reconsideración y/o Relevo de Sentencia* el 5 de enero de 2024. En síntesis, mediante dicha moción fue solicitado que se dejara sin efecto la *Sentencia,* por haberse emitido sin jurisdicción al faltar una parte indispensable en el pleito. En específico, SIPAC sostuvo que poseía un derecho propietario sobre el inmueble objeto de la Sentencia, siendo dueña del solar número 21, conforme así surgía de la Escritura número 4 del 30 de enero de 1999, la cual anejó, y de aquí la ausencia de parte indispensable. Explicó que los demandados le habían cedido el solar número 21 por medio de permuta. Afirmó que la falta de parte indispensable era un planteamiento que se podía presentar en cualquier

---

[5] Anejo IV del recurso de *certiorari*, págs. 40-41

[6] El Código Civil de Puerto Rico de 1930 fue derogado por el Código Civil de Puerto Rico de 2020 aprobado mediante la Ley Núm. 55 de 1 de junio de 2020. Para fines de la presente, se hace referencia únicamente al Código Civil derogado por ser la ley vigente y aplicable a la controversia que nos ocupa.

[7] Anejo 1 de la *Oposición a la expedición del auto de "certiorari",* pág. 1.

momento, pues su ausencia provocaba la nulidad de la *Sentencia,* al dicho foro haber actuado sin jurisdicción.

Al argumento sobre falta de parte indispensable SIPAC añadió, en lo sustantivo, que, de todas maneras, tampoco se habían cumplido los requisitos que daban lugar a la prescripción extraordinaria. Sobre esto aseveró que los apelados no habían poseído en concepto de dueño el solar cuya titularidad proclamaron. Añadió que, de aceptarse que los apelados habían poseído en concepto de dueño, las constancias registrales demostraban que no se satisfizo el término de 30 años que se requiere para que acontezca la prescripción extraordinaria. De igual modo adujo que la entidad que tenía a su cargo la administración de la urbanización, la Asociación de Residentes Valle Borinquen, Inc., y los vecinos de la propiedad, conocían que los apelados nunca fueron dueños del solar 21 y, al contrario, SIPAC era la legítima dueña de dicho solar. Sobre esto último esgrimió que la Asociación de Residentes le enviaba correos electrónicos al licenciado Antonio Rodríguez Fraticelli, quien era la persona autorizada por SIPAC para llevar a cabo las gestiones relacionadas al referido solar.

De igual forma esbozó SIPAC que el señor Saúl Santiago González había enviado correos electrónicos a los residentes de la urbanización, en los cuales incluyó al licenciado Antonio Rodríguez Fraticelli. Conforme a esto, planteó que los apelados tenían conocimiento de que la SIPAC era la dueña de la propiedad objeto de este recurso, e incluso alegó que los apelados le hicieron acercamiento al licenciado Antonio Rodríguez Fraticelli par adquirir la propiedad. Por todo lo afirmado, sostuvo que los apelados no cumplían con el requisito de que la opinión pública entendiera que estos poseían en concepto de dueño.

También, SIPAC adujo que en el solar número 21 se habían efectuado actos de dominio desde el 1986, pues de las constancias registrales surgía que: en el 1993 fue objeto de una compraventa; que en el 1995 se constituyó una hipoteca sobre la propiedad; y que en el 1998

los demandados adquirieron la propiedad. Así, concluyeron que los actos de dominio reconocidos en la propia *Demanda,* establecían que no se configuraba la prescripción extraordinaria.

Por último, SIPAC afirmó que del Registro de la Propiedad surgía que los apelados no habían poseído ininterrumpidamente su solar, puesto que lo cedieron en el 1999 y, posteriormente, en el 2005 adquirieron nuevamente el solar número 31. En definitiva, SIPAC solicitó que se dejara sin efecto la *Sentencia* y se desestimara la *Demanda* por las razones expuestas en los párrafos que preceden.

En respuesta, el 23 de enero de 2024, los apelados presentaron *Oposición a Solicitud de Reconsideración y/o Relevo de Sentencia.* En lo pertinente, arguyeron que SIPAC no era una corporación activa en Puerto Rico, en vista de que fue cancelada por el Departamento de Estado el 16 de abril de 2014. En virtud de ello, los apelados alegaron que, conforme al artículo 9.08 de la Ley General de Corporaciones de 2009, 14 LPRA sec. 3708, la corporación tenía un término de tres años desde su cancelación para reclamar cualquier derecho. A tenor, plantearon que SIPAC no tenía capacidad para hacer la reclamación instada y había renunciado a sus derechos, pues transcurrió el referido término para ejercerlos. Por tanto, los apelados solicitaron que se declarara no ha lugar la *Moción Reconsideración y/o Relevo de Sentencia.*

Atendidos los argumentos presentados por las partes, el 23 de enero de 2024,[8] el foro primario emitió una *Orden* declarando *No ha lugar* la *Moción Reconsideración y/o Relevo de Sentencia* instada por SIPAC.

Sin embargo, el 8 de febrero de 2024, SIPAC presentó una *Moción de Reconsideración y para que se nombre síndico o administrador judicial.* En resumen, solicitó al TPI que nombrara un síndico o administrador judicial conforme se dispone en el artículo 9.09 de la Ley de Corporaciones,

---

[8] Notificada el 24 de enero de 2024.

14 LPRA sec. 3709. En consonancia, afirmó que, según fue resuelto en *Miramar Marine v. City Walk,* 198 DPR 684 (2017), cuando el término de tres años para liquidar una corporación haya expirado, el remedio que existe con relación a cualquier propiedad que aún posea la corporación es el procedimiento establecido en el referido artículo 9.09 de la Ley de Corporaciones, *supra.* Además, SIPAC sostuvo que, vistos los asuntos planteados, el foro primario debía considerar la celebración de una vista al amparo de la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2.

En respuesta, el 9 de febrero de 2024, el foro primario les concedió 10 días a los apelados para exponer su posición.

En cumplimiento, el 19 de febrero de 2024, los apelados presentaron *Oposición a Segunda Moción de Reconsideración y para que se nombre un síndico o administrador judicial.* En esta, los apelados distinguieron el caso de epígrafe con el de *Miramar Marine v. City Walk,* supra, explicando que, a diferencia de la controversia ante nosotros, en la Opinión citada la corporación allí reclamante fue disuelta en el 2008, sin embargo, desde el 2009 iniciaron reclamaciones extrajudiciales para recuperar lo que se le adeudaba y proceder con la liquidación de la corporación. Además, indicaron que en dicho caso, la demanda fue presentada en el 2012 porque Citi Walk incumplió sus obligaciones con Marimar Marine. Por lo cual, afirmaron que, a diferencia de SIPAC, en *Miramar Marine v. City Walk,* supra, dicha corporación demostró su diligencia de manera continua desde el momento del cierre.

A su vez, los apelados añadieron que SIPAC había otorgado la escritura de permuta en el año 1999, y no fue hasta el año 2023 que la presentó en el Registro de la Propiedad, momento en el que ya se había presentado la anotación de demanda. También, adujeron que SIPAC fue disuelta en el 2014, pero no fue hasta el 2024, 10 años después, que decidieron reclamar sus alegados derechos, conociendo desde al menos el 2022 del caso de autos. Ante lo cual, sostuvieron que SIPAC actuó con

dejadez, contumacia e incuria al no ejercer sus derechos a tiempo, impidiendo que se le proveyeran los remedios solicitados mediante reclamos tardíos.

En lo relevante a la interrogante jurisdiccional ante nosotros, los apelados sostuvieron que SIPAC **no podía solicitar nuevos remedios por medio de una segunda reconsideración**. Sobre el mismo asunto esgrimieron que una segunda reconsideración interrumpe el término para recurrir al Tribunal de Apelaciones **sólo cuando**: (i) el dictamen impugnado fue alterado sustancialmente como consecuencia de una moción de reconsideración anterior, independientemente de quien la haya presentado y; (ii) cumple con los criterios de especificidad y particularidad de la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47. A esos efectos, aseveraron que en el caso de autos no ocurrieron las circunstancias mencionadas, por lo cual, **la segunda moción de reconsideración instada por SIPAC no había tenido efecto interruptor sobre el término para acudir a este Foro intermedio**.

En desacuerdo, el 21 de febrero de 2024, SIPAC presentó *Réplica a Oposición a Moción de Reconsideración y para que se nombre un síndico o administrador judicial.* Allí, SIPAC sostuvo nuevamente que la *Sentencia* era nula por falta de parte indispensable. Añadió que, contrario a lo alegado por los apelados, en el caso *Miramar Marin v. City Walk*, supra, no se tomó en consideración el momento en que se hizo el reclamo por los accionistas de la corporación disuelta, por lo cual procedía el nombramiento de un síndico o administrador judicial. En cuanto a la doctrina de incuria, esgrimió que no aplicaba al caso, puesto que los apelados no tenían las *manos limpias.* Finalmente, solicitaron nuevamente que se nombrara a un síndico y se señalara una vista argumentativa para probar la improcedencia de la *Sentencia.*

Atendidas las mociones, el 20 de febrero de 2024,[9] el TPI emitió *Orden* declarando; *No ha Lugar a la **segunda** moción de reconsideración. La misma no procede en derecho.[10]*

Inconforme, el 25 de marzo de 2024, SIPAC recurrió ante nosotros mediante recurso de *certiorari* (el cual acogimos como apelación), señalando la comisión del siguiente error:

> El Tribunal de Primera Instancia denegó la solicitud de relevo de sentencia sin brindar explicación o fundamento alguno, a pesar de que la Sentencia es nula por falta de parte indispensable, con el agravante de que el proceder se dio sin que se celebrara una vista conforme la Regla 49.2 de Procedimiento Civil y sin que se nombrara un síndico o administrador judicial según exige el artículo 9.09 de la Ley Genera[l] de Corporaciones y lo resuelto en <u>Marimar Marine v City Walk,</u> infra.

El 4 de abril de 2024, los apelados presentaron *Oposición a la expedición del auto de "certiorari".* Contando con la comparecencia de las partes, nos encontramos en posición de resolver.

## II. Exposición de Derecho

### A. Jurisdicción

La jurisdicción se ha definido como el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Allied Management Group, Inc. v. Oriental Bank,* 204 DPR 372, 385 (2020); *Yumac Home v. Empresas Massó,* 194 DPR 96, 103 (2015); *Horizon Media v. Jta. Revisora, RA Holdings,* 191 DPR 228, 233 (2014). Tanto los foros de instancia como los foros apelativos tienen el deber de, primeramente, analizar en todo caso si poseen jurisdicción para atender las controversias presentadas, puesto que los tribunales estamos llamados a ser fieles guardianes de nuestra jurisdicción, incluso cuando ninguna de las partes invoque tal defecto. *Horizon Media v. Jta. Revisora, RA Holdings,* supra, pág. 234; *Shell v. Srio. Hacienda,* 187 DPR 109, 122-123 (2012). Ello responde a que las cuestiones jurisdiccionales son materia

---

[9] Notificada el 22 de febrero de 2024.
[10] Anejo XII del recurso de *certiorari,* pág. 115

privilegiada y deben resolverse con preferencia a los demás asuntos. *Mun. San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014); *García v. Hormigonera Mayagüezana*, 172 DPR 1, 7 (2007).

Por tanto, si determinamos que no tenemos jurisdicción sobre un recurso o sobre una controversia determinada, debemos así declararlo y desestimar o denegar. *Mun. San Sebastián v. QMC*, 190 DPR 652, 660 (2014). En consonancia, no tenemos discreción para asumir jurisdicción donde aún no la hay. *Yumac Home Furniture, Inc. v. Caguas Lumber Yard, Inc., supra.* En otras palabras, una apelación o un recurso prematuro, **al igual que uno tardío**, sencillamente **adolece del grave e insubsanable defecto de falta de jurisdicción**. (Énfasis provisto). *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920, 936 (2011).

### B. El Recurso de *Apelación*

La jurisdicción y competencia de este Tribunal para atender un recurso de apelación están establecidas claramente en las disposiciones legales provistas por la Ley Núm. 103-2003, conocida como Ley de la Judicatura de 2003 (en adelante, Ley de la Judicatura de 2003), según enmendada, 4 LPRA secs. 24(t) *et seq.*, la Regla 52.2(a) de Procedimiento Civil, 32 LPRA Ap. V R. 52.2(a), y en la Regla 13 de nuestro Reglamento, 4 LPRA Ap. XXII-B R. 13. A tales efectos, resulta imprescindible resaltar que el Artículo 4.006(a) de la Ley de la Judicatura de 2003, supra, 4 LPRA sec. 24y(a), indica que este Tribunal conocerá de toda sentencia final dictada por el Tribunal de Primera Instancia mediante recurso de apelación. Este Tribunal tiene facultad para atender los méritos de un recurso de apelación al amparo del citado Artículo 4.006(a), *supra*, **si el mismo se presenta oportunamente dentro del término jurisdiccional de treinta (30) días, contado a partir de archivo en autos de copia de la notificación de la sentencia apelada**, a tenor con lo dispuesto por la

Regla 13(A) de nuestro Reglamento, 4 LPRA Ap. XXII-B R. 13(A). (Énfasis provisto).

De igual modo la Regla 52.2 (a) de Procedimiento dispone que "[l]os recursos de apelación al Tribunal de Apelaciones o al Tribunal Supremo para revisar sentencias deberán presentarse dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de copia de la notificación de la sentencia dictada por el tribunal apelado". 32 LPRA Ap. V R. 52.2(a).

Los términos para apelar sentencias sean penales o civiles, son fijados por ley para conferir jurisdicción al tribunal apelativo. *Pueblo v. Ortiz Couvertier*, 132 DPR 883, 890-891 (1993); *Pueblo v. Mojica Cruz*, 115 DPR 569, 574 (1984); *Pueblo v. Miranda Colón,* 115 DPR 511, 513 (1984). Es norma reiterada que un término de naturaleza jurisdiccional es de carácter fatal y su incumplimiento priva al foro apelativo de jurisdicción para atender el recurso instado. En virtud de ello, "[c]ontrario a un término de cumplimiento estricto, un término jurisdiccional es fatal, improrrogable e insubsanable, rasgos que explican por qué no puede acortarse, como tampoco es susceptible de extenderse". *Martínez, Inc. v. Abijoe Realty Corp.,* 151 DPR 1, 7 (2000).

### C. Moción de Reconsideración

La Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R.47, dispone lo concerniente a la presentación de una moción de reconsideración y sus efectos procesales. Según esta;

> La parte adversamente afectada por una orden o resolución del Tribunal de Primera Instancia podrá, dentro del término de cumplimiento estricto de quince (15) días desde la fecha de la notificación de la orden o resolución, presentar una moción de reconsideración de la orden o resolución.

> **La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, presentar una moción de reconsideración de la sentencia**.

La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que la parte promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales.

La moción de reconsideración que no cumpla con las especificidades de esta regla será declarada "sin lugar" y se entenderá que no ha interrumpido el término para recurrir.

**Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración**

La moción de reconsideración se notificará a las demás partes en el pleito dentro de los quince (15) días establecidos por esta regla para presentarla ante el tribunal de manera simultánea. El término para notificar será de cumplimiento estricto. *Íd.* (Énfasis nuestro).

En esencia, *una moción de reconsideración permite que la parte afectada por un dictamen judicial pueda solicitar al tribunal que considere nuevamente su decisión, antes de recurrir al Tribunal de Apelaciones. Morales y otros v. The Sheraton Corp.*, 191 DPR 1, 7 (2014) citando a *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 24 (2011); *Castro v. Sergio Estrada Auto Sales, Inc.*, 149 DPR 213, 217 (1999). De optar por ello, la mera presentación oportuna de una moción de reconsideración —que a su vez cumpla con los requisitos de la Regla 47— provocará que *los términos para recurrir en alzada qued[en] automáticamente suspendidos para todas las partes. Mun. Rincón v. Velázquez Muñiz,* 192 DPR 989, 1000 (2015); *Morales y otros v. The Sheraton Corp.*, supra. (Énfasis provisto). Tales términos comenzarán a transcurrir nuevamente, a partir de la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración. *Colón Burgos v. Marrero Rodríguez,* 201 DPR 330, 338-339 (2018) citando *Plan Salud Unión v. Seaboard Sur. CO.,* 182 DPR 714, 719 (2011); *Insular Highway v. A.I.I. Co.,* 174 DPR 793, 805 (2008);

*Lagares v. E.L.A.,* 144 DPR 601, 613 (1997). A *contrario sensu,* la presentación de una moción de reconsideración que no cumpla con los requisitos consignados en la Regla 47, será declarada *sin lugar* y se entenderá que no ha interrumpido los términos para acudir en alzada. *Colón Burgos v. Marrero Rodríguez,* 201 DPR 330 (2018).

Finalmente, en lo pertinente a la controversia de autos, en *Colón Burgos v. Marrero Rodríguez,* supra, nuestro máximo foro consideró la controversia atinente a la presentación de **mociones de reconsideración subsiguientes**; es decir, el efecto de la presentación de varias mociones de reconsideración sobre una misma determinación adversa, **para auscultar si estas tenían la consecuencia de interrumpir el término para recurrir en alzada ante el foro apelativo**. Sobre lo cual, nuestro Tribunal Supremo resolvió sin ambages que, en efecto, las presentación sucesiva de mociones de reconsideración sí podrían tener efecto interruptor sobre el término para recurrir en alzada, **pero solo si se daban las siguientes circunstancias: (1) el dictamen impugnado fue alterado sustancialmente como consecuencia de una Moción de Reconsideración anterior, independientemente de quien la haya presentado y, (2) se cumple con los criterios de especificidad y particularidad de la Regla 47 de Procedimiento Civil**, *supra.* (Énfasis nuestro). Es decir, para que una subsiguiente moción de reconsideración interrumpa el término para acudir al Tribunal de Apelaciones, esta debe exponer cuáles son los hechos o el derecho a reconsiderarse, **así como cuáles son las alteraciones sustanciales producto de una primera reconsideración o de las nuevas determinaciones de hechos o conclusiones de derecho cuya reconsideración se solicita por primera vez**. Al así establecerlo, la más alta Curia advirtió sobre, "la extensión indefinida del término para recurrir en revisión judicial mediante la presentación de subsiguientes mociones

de reconsideración frívolas basadas en los mismos fundamentos". *Colón Burgos v. Marrero Rodríguez,* supra, págs. 333, 341- 342.

### D. Desestimación

La Regla 83 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 83, establece las circunstancias en que este foro intermedio puede desestimar un recurso presentado. En lo que resulta pertinente al caso ante nuestra consideración, establece:

> B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> **(1) que el Tribunal de Apelaciones carece de jurisdicción;**
> **(2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;**
> (3) que no se ha presentado o proseguido con diligencia o de buena fe;
> (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos, o
> (5) que el recurso se ha convertido en académico.
> *Íd.* (Texto omitido del original) (Énfasis nuestro).

## III. Aplicación del Derecho a los hechos

No hace falta reiterar a este punto que, como cuestión de umbral, debemos pronunciarnos sobre nuestra jurisdicción para atender el recurso presentado ante nuestra consideración. A tenor, consideraremos la controversia puntual presentada por los apelados en su *Oposición a la expedición del auto de certiorari,* señalando la presunta falta de jurisdicción para atender el recurso, aduciendo que fue presentado de manera tardía, por cuanto la segunda moción de reconsideración presentada por SIPAC no tuvo efecto interruptor del término para acudir ante este Foro intermedio.

A tenor, la alegación de los apelados sobre la presentación tardía del recurso presentado por SIPAC descansa en la premisa de que este último realmente está recurriendo de la denegatoria de reconsideración emitida por el TPI mediante la *Resolución* notificada a las partes el 24 de enero de

2024, **no** de la *Resolución* notificada el 22 de febrero de 2024. En consecuencia, nos toca identificar a partir de cuál de dichas resoluciones inició el término para presentar el recurso de apelación.

Según enfatizamos en el tracto procesal, el TPI emitió *Sentencia* en el caso de epígrafe el 20 de octubre de 2023, notificada mediante edicto el 22 de diciembre de 2023. Conforme fue dispuesto en la referida *Sentencia,* el foro primario concluyó que los apelados habían cumplido con todos los requisitos para la prescripción extraordinaria, por lo que ordenó la inscripción del inmueble usucapido a favor de estos en el Registro de la Propiedad.

Entonces, el 5 de enero de 2024, dentro del término de 15 días provisto por las Reglas de Procedimiento Civil, SIPAC presentó oportuna *Moción Reconsideración y/o Relevo de Sentencia.* Por haber sido presentada dentro del término correspondiente, y haber cumplido con los requerimientos de la Regla 47 de Procedimiento Civil, *supra,* esta primera *Moción* de SIPAC **sí** tuvo efecto interruptor sobre el término de treinta días para acudir ante nosotros.

Según antes apuntamos, el 23 de enero de 2024, notificada el 24 de enero de 2024, el TPI emitió *Resolución* declarando *No Ha Lugar* dicha primera moción de reconsideración presentada por SIPAC. Por tanto, a partir de la notificación a las partes de la denegatoria de dicha moción de reconsideración dio inicio al término de treinta días para acudir a este Tribunal de Apelaciones.

Sin embargo, el 8 de febrero de 2024, SIPAC optó por presentar una **segunda moción de reconsideración**, que tituló *Moción de Reconsideración y para que se nombre síndico o administrador judicial.*

Como ya ha sido dicho, el 20 de febrero de 2024, notificada el 22 de febrero de 2024, el foro primario la declaró *No ha lugar* **por ser una segunda reconsideración que no procedía en derecho**.

En la exposición de derecho resaltamos que en *Colón Burgos v. Marrero Rodríguez,* supra, nuestro Tribunal Supremo estableció con claridad que para que una segunda moción de reconsideración tenga efecto interruptor sobre el término para recurrir en alzada se tienen que cumplir las siguientes circunstancias: **(1) el dictamen impugnado fue alterado sustancialmente como consecuencia de una Moción de Reconsideración anterior, independientemente de quien la haya presentado y, (2) se cumple con los criterios de especificidad y particularidad de la Regla 47 de Procedimiento Civil**, *supra.* De modo que, para que una subsiguiente reconsideración interrumpa el término para apelar, ésta debe exponer cuáles son los hechos o el derecho a reconsiderarse, así como cuáles son las alteraciones sustanciales producto de una primera reconsideración cuya reconsideración se solicita por primera vez.

Entonces, aplicando tales circunstancias enumeradas al caso ante nosotros, vemos que, en su primera moción de reconsideración, SIPAC solicitó que se dejara sin efecto la *Sentencia* emitida por el TPI por haberse dictado sin jurisdicción, ante la falta de parte indispensable. Además, argumentó que no se habían cumplido los requisitos de prescripción extraordinaria.

Sin embargo, evaluados tales planteamientos, el foro primario denegó la moción de reconsideración, **sin llevar a cabo ninguna alteración a su *Sentencia.*** Es decir, la primera de las circunstancias que hubiese viabilizado que SIPAC presentara una segunda moción de reconsideración **no** aconteció en este caso, pues el TPI se limitó a denegar dicha petición, sin incluir cambio alguno en la *Sentencia* cuya reconsideración SIPAC solicitó.

De lo anterior se sigue que, el 24 de enero de 2024, cuando se notificó la denegatoria de la primera reconsideración, **comenzó a transcurrir el término para recurrir en alzada**. Por cuanto la segunda

moción de reconsideración instada por SIPAC no tuvo efecto interruptor alguno sobre el término para acudir ante nosotros, este tenía hasta el 23 de febrero de 2024 para presentar el recurso de apelación, término que es jurisdiccional, por lo tanto, improrrogable. A pesar de lo cual, SIPAC radicó el recurso ante nosotros el 25 de marzo de 2024, 61 días después de haberse notificado la denegatoria de la reconsideración, momento en cual ya el término jurisdiccional había transcurrido. Es decir, SIPAC computó el término para acudir ante nosotros a partir de la denegatoria a su segunda moción de reconsideración, y al así obrar nos privó de jurisdicción.

Habiendo determinado que no tenemos jurisdicción para considerar el recurso de apelación ante nuestra consideración por su presentación tardía, solo resta así declararlo y desestimar, pues no tenemos discreción para asumir jurisdicción donde no la hay. *Mun. de San Sebastián v. Q.M.C.,* supra.

## IV. **Parte dispositiva**

Por los fundamentos expuestos, corresponde desestimar el recurso de epígrafe por falta de jurisdicción ante su presentación tardía.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones