Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel II

| | | |
|---|---|---|
| COOPERATIVA DE AHORRO y CRÉDITO SAULO D. RODRÍGUEZ (GURACOOP)<br>Apelante<br><br>v.<br><br>RAFAEL DAVID BOU AQUINO<br>Apelado | KLAN202400357 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Caso Núm. CG2024CV00763<br><br>Sobre: Cobro de Dinero Ordinario |

Panel integrado por su presidente, el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

Adames Soto, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 24 de mayo de 2024.

Comparece la Cooperativa de Ahorro y Crédito Saulo D. Rodríguez (GURACOOP o apelante), solicitando que revoquemos una *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI), el 7 de marzo de 2024.[1] Mediante dicho dictamen, el foro primario desestimó la *Demanda* sobre cobro de dinero ordinario instada por GURACOOP en contra del señor Rafael David Bou Aquino (señor Bou Aquino o apelado).

Por los fundamentos que expresamos a continuación, desestimamos el recurso, al carecer de jurisdicción para atenderlo.

**I. Resumen del tracto procesal**

El 6 de marzo de 2024, GURACOOP presentó una *Demanda* sobre cobro de dinero ordinario en contra del señor Bou Aquino. Esta alegó que, el 1 de junio de 2017, el señor Bou Aquino suscribió un pagaré a su favor

---

[1] Notificada el 11 de marzo de 2024.

NÚMERO IDENTIFICADOR

SEN2024_____

por $5,000.00, para un préstamo personal. Además, el señor Bou Aquino suscribió un contrato al por menor a plazos de una tarjeta de crédito, por la cantidad de $1,000.00. No obstante, a pesar de las obligaciones contraídas por el señor Bou Aquino con GURACOOP, el primero las incumplió, al haber dejado de pagar las mensualidades vencidas. Juzgando GURACOOP que la deuda era líquida, vencida y exigible, y, luego haber reclamado extrajudicialmente el pago de lo debido sin obtener respuesta del señor Bou Aquino, entonces instó la causa de acción descrita. En consecuencia, GURACOOP declaró vencida la totalidad de la deuda, en cada uno de los préstamos, para un total de **$5,581.01**, más los intereses que la deuda continuaba devengando, según estos fueron pactados.

GURACOOP optó por presentar su reclamación bajo dicha *Demanda* **mediante el procedimiento ordinario de cobro de dinero**.[2]

Traído el asunto ante la atención del TPI para su consideración, el 7 de marzo de 2024,[3] este emitió *Sentencia* desestimando la *Demanda, ya que la misma* **debe ser radicada conforme a la Regla 60 de Procedimiento Civil.**[4] (Énfasis provisto).

Inconforme, el 15 de marzo de 2024, GURACOOP presentó *Moción en solicitud de reconsideración de Sentencia desestimando la demanda.* Arguyó que es la propia Regla 60 de Procedimiento Civil, 32 LPRA Ap. V, R.60 citada por el TPI para desestimar la *Demanda*, la que le permite al *Demandante* en un caso de cobro de dinero en donde la cuantía no exceda de $15,000.00, elegir que su causa de acción sea tramitada a través del procedimiento ordinario o el sumario concebido en dicha Regla. A tenor, GURACOOP había elegido el proceso ordinario, sobre el sumario, y para eso incluyó una alegación en su Demanda, la décima, indicándolo.

---

[2] Anejo VII del recurso de apelación, pág. 19.
[3] Notificada el 11 de marzo de 2024.
[4] Anejo VII del recurso de apelación, pág. 19.

Además, GURACOOP planteó que el foro primario no debió desestimar la *Demanda* sin antes concederle una oportunidad para expresarse sobre el asunto.

Habiendo pasado casi un mes de presentada la referida *petición de reconsideración* por GURACOOP, esta misma parte, el 9 de abril de 2024, presentó *Moción reiterando solicitud de reconsideración de sentencia desestimando la demanda.*

Sin embargo, al próximo día, el 10 de abril de 2024, GURACOOP también presentó una *Moción informando el retiro de escritos presentados en los encasillados 4 y 5 del expediente judicial, para proceder con el trámite de apelación.* Explicó GURACOOP en dicha moción, que había solicitado retirar la *petición de reconsideración* que estaba pendiente de resolverse por el TPI, pues se disponía a presentar un recurso de *apelación.*

En efecto, en la misma fecha en que GURACOOP solicitó mediante moción al TPI que le permitiera retirar la *Moción de reconsideración*, acudió ante nosotros mediante recurso de *apelación*, en el que señaló la comisión de los siguientes errores:

> Erró el TPI al no aceptar la voluntad de la Parte Demandante, según le provee y faculta la Regla 60 de Procedimiento Civil de presentar la reclamación de cobro de dinero mediante el procedimiento ordinario.

> Erró el TPI al desestimar la demanda por esta haber sido presentada mediante el Procedimiento de Cobro Ordinario y no al amparo de la Regla 60 de Procedimiento Civil, como ordenó, aun cuando la propia Regla 60 establece que la Parte Demandante tiene la facultad para solicitar que se tramite su caso bajo el procedimiento ordinario.

Finalmente, el 10 de abril de 2024, **notificada el 3 de mayo de 2024**, el TPI emitió una *Resolución* atendiendo la *Moción de Reconsideración* presentada por GURACOOP, declarándola *Académica*[5].

---

[5] Entrada #10 SUMAC.

## II. Exposición de Derecho

### A. Jurisdicción

La jurisdicción se ha definido como el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 372, 385 (2020); *Yumac Home v. Empresas Massó*, 194 DPR 96, 103 (2015); *Horizon Media v. Jta. Revisora, RA Holdings*, 191 DPR 228, 233 (2014). Tanto los foros de instancia como los foros apelativos tienen el deber de, primeramente, analizar en todo caso si poseen jurisdicción para atender las controversias presentadas, puesto que los tribunales estamos llamados a ser fieles guardianes de nuestra jurisdicción, incluso cuando ninguna de las partes invoque tal defecto. *Horizon Media v. Jta. Revisora, RA Holdings*, supra, pág. 234; *Shell v. Srio. Hacienda*, 187 DPR 109, 122-123 (2012). Ello responde a que las cuestiones jurisdiccionales son materia privilegiada y deben resolverse con preferencia a los demás asuntos. *Mun. San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014); *García v. Hormigonera Mayagüezana*, 172 DPR 1, 7 (2007).

Por tanto, si determinamos que no tenemos jurisdicción sobre un recurso o sobre una controversia determinada, debemos así declararlo y desestimar o denegar. *Mun. San Sebastián v. QMC*, 190 DPR 652, 660 (2014). En consonancia, no tenemos discreción para asumir jurisdicción donde aún no la hay. *Yumac Home Furniture, Inc. v. Caguas Lumber Yard, Inc., supra.* En otras palabras, una apelación o **un recurso prematuro**, al igual que uno tardío, sencillamente **adolece del grave e insubsanable defecto de falta de jurisdicción**. (Énfasis provisto). *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920, 936 (2011).

### B. El Recurso de *Apelación*

La jurisdicción y competencia de este Tribunal para atender un recurso de apelación están establecidas claramente en las disposiciones

legales provistas por la Ley Núm. 103-2003, conocida como Ley de la Judicatura de 2003 (en adelante, Ley de la Judicatura de 2003), según enmendada, 4 LPRA secs. 24(t) *et seq.*, la Regla 52.2(a) de Procedimiento Civil, 32 LPRA Ap. V R. 52.2(a), y en la Regla 13 de nuestro Reglamento, 4 LPRA Ap. XXII-B R. 13. A tales efectos, resulta imprescindible resaltar que el Artículo 4.006(a) de la Ley de la Judicatura de 2003, supra, 4 LPRA sec. 24y(a), indica que este Tribunal conocerá de toda sentencia final dictada por el Tribunal de Primera Instancia mediante recurso de apelación. Este Tribunal tiene facultad para atender los méritos de un recurso de apelación al amparo del citado Artículo 4.006(a), *supra*, si el mismo se presenta oportunamente dentro del término jurisdiccional de treinta (30) días, contado a partir de archivo en autos de copia de la notificación de la sentencia apelada, a tenor con lo dispuesto por la Regla 13(A) de nuestro Reglamento, 4 LPRA Ap. XXII-B R. 13(A).

De igual modo la Regla 52.2 (a) de Procedimiento dispone que "[l]os recursos de apelación al Tribunal de Apelaciones o al Tribunal Supremo para revisar sentencias deberán presentarse dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de copia de la notificación de la sentencia dictada por el tribunal apelado". 32 LPRA Ap. V R. 52.2(a).

Los términos para apelar sentencias sean penales o civiles, son fijados por ley para conferir jurisdicción al tribunal apelativo. *Pueblo v. Ortiz Couvertier*, 132 DPR 883, 890-891 (1993); *Pueblo v. Mojica Cruz*, 115 DPR 569, 574 (1984); *Pueblo v. Miranda Colón*, 115 DPR 511, 513 (1984). Es norma reiterada que un término de naturaleza jurisdiccional es de carácter fatal y su incumplimiento priva al foro apelativo de jurisdicción para atender el recurso instado. En virtud de ello, "[c]ontrario a un término de cumplimiento estricto, un término jurisdiccional es fatal, improrrogable e insubsanable, rasgos que explican

por qué no puede acortarse, como tampoco es susceptible de extenderse". *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000).

## A. Moción de Reconsideración

Los tribunales tienen el poder inherente de reconsiderar sus determinaciones, a solicitud de parte o *motu proprio,* siempre que, al actuar de esa manera, todavía conserven jurisdicción sobre el caso. *Div. Empleados Públicos U.G.T. v. C.E.M.P.R.,* 212 DPR 742 (2023).

La Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R.47, dispone lo concerniente a la presentación de una moción de reconsideración y sus efectos procesales, en los siguientes términos

> La parte adversamente afectada por una orden o resolución del Tribunal de Primera Instancia podrá, dentro del término de cumplimiento estricto de quince (15) días desde la fecha de la notificación de la orden o resolución, presentar una moción de reconsideración de la orden o resolución.
>
> La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, presentar una moción de reconsideración de la sentencia.
>
> La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que la parte promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales.
>
> La moción de reconsideración que no cumpla con las especificidades de esta regla será declarada "sin lugar" y se entenderá que no ha interrumpido el término para recurrir.
>
> **Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración**
>
> La moción de reconsideración se notificará a las demás partes en el pleito dentro de los quince (15) días establecidos por esta regla para presentarla ante el tribunal de manera simultánea. El término para notificar será de cumplimiento estricto. *Íd.* (Énfasis provisto).

En esencia, *una moción de reconsideración permite que la parte afectada por un dictamen judicial pueda solicitar al tribunal que considere nuevamente su decisión, antes de recurrir al Tribunal de Apelaciones. Morales y otros v. The Sheraton Corp.*, 191 DPR 1, 7 (2014) citando a *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 24 (2011); *Castro v. Sergio Estrada Auto Sales, Inc.*, 149 DPR 213, 217 (1999). De optar por ello, la mera presentación oportuna de una moción de reconsideración —que a su vez cumpla con los requisitos de la Regla 47— provocará que **los términos para recurrir en alzada qued[en] automáticamente suspendidos para todas las partes**. (Énfasis provisto). *Mun. Rincón v. Velázquez Muñiz*, 192 DPR 989, 1000 (2015); *Morales y otros v. The Sheraton Corp.*, supra. Tales términos comenzarán a transcurrir nuevamente, **a partir de la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración**. (Énfasis y subrayado provistos). *Colón Burgos v. Marrero Rodríguez*, 201 DPR 330, 338-339 (2018) citando *Plan Salud Unión v. Seaboard Sur. CO.,* 182 DPR 714, 719 (2011); *Insular Highway v. A.I.I. Co.,* 174 DPR 793, 805 (2008); *Lagares v. E.L.A.,* 144 DPR 601, 613 (1997).

En lo concerniente al asunto ante nuestra consideración nuestro Tribunal Supremo ha resuelto de manera definitiva que, *una moción de reconsideración interpuesta oportunamente **y sometida antes de que se haya presentado algún recurso ante el tribunal apelativo intermedio**, suspenderá los términos para recurrir en alzada y **cualquier recurso apelativo que se presente previo a su resolución debe ser desestimado por prematuro**.* (Énfasis provisto). *Mun. de Rincón v. Velázquez Muñiz*, 192 DPR 989, 1004 (2015). A renglón seguido en la misma Opinión el foro de mayor jerarquía zanjó que, *es menester **esperar***

*a que el Tribunal de Primera Instancia disponga finalmente de la moción de reconsideración para recurrir al foro apelativo intermedio*. (Énfasis provisto). *Íd.*, a la pág. 1005. Al así expresarse, el Tribunal Supremo acogió un comentario del tratadista Cuevas Segarra a los efectos de que:

> Bajo este nuevo esquema, [\u...\u] la parte perdidosa que haya presentado en tiempo una moción de reconsideración **no puede apelar la sentencia mientras no se haya resuelto dicha moción, pues la sentencia no se convierte en definitiva o en final hasta que dicha petición haya sido denegada o resuelta de cualquier otra forma, pero de manera afirmativa**. (Énfasis provisto). J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da. Ed., San Juan, Pubs. JTS, 2011, T. IV, pág. 1371.

## B. Desestimación

La Regla 83 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R.83, establece, entre otras cosas, los motivos por los cuales este foro intermedio puede desestimar un recurso presentado. En lo que resulta pertinente al caso ante nuestra consideración, dicha regla dispone:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
> (1) **que el Tribunal de Apelaciones carece de jurisdicción**;
> (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
> (3) que no se ha presentado o proseguido con diligencio o de buena fe;
> (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos, o
> (5) que el recurso se ha convertido en académico.
>
> **(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente.** *Íd.* (Énfasis suplido). (Texto en original omitido).

## III. Aplicación del Derecho a los hechos

Según particularizamos en el tracto procesal, una vez el TPI emitió *Sentencia* el 7 de marzo de 2024, notificada el 11 de marzo de 2024, GURACOOP instó ante ese mismo foro primario una oportuna *Moción de reconsideración,* el 15 de marzo de 2024. Calificamos la referida solicitud

de reconsideración como oportuna, pues fue instada a solo cuatro días de notificada la *Sentencia,* y cumpliendo con el requisito de especificidad que dispone la Regla 47 de las de Procedimiento Civil, *supra.*

Por causa de la oportuna presentación de la *moción de reconsideración,* fueron paralizados los términos que disponían las partes para acudir ante este Foro intermedio, **interrupción del término continuaría hasta que el foro primario dispusiera finalmente de la misma**. (Énfasis nuestro). *Mun. Rincón v. Velázquez Muñiz,* supra. De esto si sigue que, los términos para recurrir ante nosotros comenzarían a transcurrir nuevamente, desde la fecha en que el TPI resolviera definitivamente la *moción de reconsideración,* y archivara en autos copia de su determinación. *Íd.*

En este caso GURACOOP presentó su *moción de reconsideración* **antes** de instar el *recurso de apelación* por lo que, según lo explicó nuestro Tribunal Supremo en *Mun. Rincón v. Velázquez Muñiz,* supra, el foro primario retenía su jurisdicción sobre el caso, hasta que resolviera finalmente la referida petición de reconsideración[6]. No obstante, GURACOOP presentó el *recurso de apelación* sin esperar a que el tribunal *a quo* resolviera finalmente la *moción de reconsideración,* y al así actuar nos privó de jurisdicción para atenderlo, pues resulta prematura su presentación. Aunque resulte reiterativo, simplemente GURACOOP tenía que esperar a que el TPI resolviera finalmente la moción de reconsideración que tenía ante su consideración, para entonces poder acudir ante nosotros.

Por lo explicado, resulta intrascendente que, el mismo día de la presentación del recurso de *apelación* ante nosotros, GURACOOP hubiese presentado una petición ante el TPI solicitando que se retirara su *Moción*

---

[6] En la misma Opinión se explica que si se presenta primero el recurso de apelación ante este foro intermedio y luego se intenta instar una solicitud de reconsideración ante el TPI, el foro primario no tendría jurisdicción para atenderla, pues la mera presentación del recurso de apelación suspende automáticamente los procedimientos ante el foro de instancia. *Mun. de Rincón v. Velázquez Muñiz*, supra, págs. 1006-1007.

*de reconsideración,* pues, como citamos de *Mun. de Rincón v. Velázquez Muñiz,* supra, quien a su vez citó a J.A. Cuevas Segarra, *la parte perdidosa que haya presentado en tiempo una moción de reconsideración **no puede apelar la sentencia mientras no se haya resuelto dicha moción, pues** <u>**la sentencia no se convierte en definitiva o en final hasta que dicha petición haya sido denegada o resuelta de cualquier otra forma, pero de manera afirmativa**</u>.* (Énfasis y subrayado provistos). En nada tampoco varía esta conclusión, que el foro primario eventualmente emitiera una *Resolución,* notificada el 3 de mayo de 2024 (**posterior a la presentación del recurso de apelación**), disponiendo que la *Moción de reconsideración* era *académica.* En definitiva, al momento de presentado el recurso de *apelación,* el TPI **no** había denegado o resuelto **de manera definitiva** la petición de reconsideración que estaba ante su consideración, por lo que el recurso ante nuestra consideración resultó ser instado de manera prematura.

Según advertimos, ***un recurso prematuro****, al igual que uno tardío, sencillamente **adolece del grave e insubsanable defecto de falta de jurisdicción**,* por lo que no nos queda otra solución que ordenar su desestimación. (Énfasis provisto). *Asoc. Fotoperiodistas v. Rivera Schatz,* supra.

**IV.  Parte dispositiva**

Por los fundamentos expuestos, corresponde desestimar el recurso de epígrafe, por falta de jurisdicción ante su presentación prematura. A tenor, se devuelve el caso al TPI para que atienda la *Moción en solicitud de reconsideración de Sentencia desestimando la demanda.*

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones