ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| ILIA CAMPOS SANTIAGO<br><br>Apelante<br><br>v.<br><br>HOSPITAL CRISTO REDENTOR, INC.<br><br>Apelada | **KLAN202400914**<br><br><br><br>**CONSOLIDADO** | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de Guayama<br><br>Civil Núm. G DP2009-0107<br><br>Sobre: Daños y Perjuicios |
| ILIA CAMPOS SANTIAGO<br><br>Apelada<br><br>v.<br><br>HOSPITAL CRISTO REDENTOR, INC.<br><br>Apelante | **KLAN202400917** | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de Guayama<br><br>Civil Núm. G DP2009-0107<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

## SENTENCIA

En San Juan, Puerto Rico, a 21 de enero de 2025.

Comparecen ante este foro Ilia Campos Santiago, Eli Figueroa y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto, matrimonio Campos-Figueroa) mediante recurso de apelación identificado con el núm. KLAN202400914 presentado el 11 de octubre de 2024. De otra parte, comparecen el Hospital Cristo Redentor, National Building Maintenance y Universal Insurance Company mediante recurso de apelación identificado con el núm. KLAN202400917.

Por estar estrechamente relacionados y en aras de la economía procesal, ordenamos la consolidación de ambos recursos. Los recursos consolidados solicitan la revisión de una *Sentencia* notificada el 31 de enero de

2022, por el Tribunal de Primera Instancia, Sala Superior de Guayama. Mediante el referido dictamen, el foro primario resolvió un pleito de daños instado por el matrimonio Campos-Figueroa en contra del Hospital Cristo Redentor, National Building Maintenance y Universal Insurance.

Por los fundamentos que expondremos a continuación, **DESESTIMAMOS** nuevamente el recurso de epígrafe, por carecer de jurisdicción.

**I.**

El 27 de octubre de 2009, el matrimonio Campos-Figueroa presentó una *Demanda* sobre daños y perjuicios, en contra del Hospital Cristo Redentor, Inc. y demás partes en reclamación.[1]

Luego de varias incidencias procesales, el 31 de enero de 2022, el foro primario notificó la *Sentencia* apelada.[2] Mediante la cual, declaró *Con Lugar* la demanda y, en consecuencia, condenó a las partes codemandadas a pagar las siguientes partidas:

> a. La cantidad de $48,148.14 a favor de la Sra. Ilia Campos Santiago, como indemnización por concepto de sus angustias y sufrimientos mentales y daños físicos sufridos.
>
> b. La cantidad de $17,470.61 a favor de Eli Figueroa como indemnización por concepto de angustias y sufrimientos sufridos por este.
>
> Además, se condena a los codemandados al pago de intereses al 4.25% a favor de la parte demandante.

En desacuerdo, el 15 de febrero de 2022, el matrimonio Campos-Figueroa presentó una *Moción Solicitando se Enmienden las Determinaciones de Hecho y*

---

[1] *Demanda*, págs. 78-87 del apéndice del recurso.
[2] *Sentencia*, págs. 1-34 del apéndice del recurso.

*se incluyan Determinaciones de Hecho y Derecho Adicionales y Reconsideración.*[3]

En la misma fecha, el Hospital Cristo Redentor y demás partes en la reclamación, presentaron una *Moción de Reconsideración de Sentencia de 27 de enero de 2022, notificada el 31 de enero.*[4]

El 31 de mayo de 2023, notificada el 2 de junio de 2023, el foro primario emitió una *Resolución* en la que resolvió lo siguiente:

> Luego de un minucioso análisis de los autos del caso de epígrafe, razonablemente entendemos que las Determinaciones de Hechos y Conclusiones de Derecho emitidas por el Tribunal de Instancia son suficientes para sostener la Sentencia emitida.
>
> La cantidad otorgada a la demandante fue actualizada al año 2022, fecha en la cual fue dictada la Sentencia en el caso de epígrafe. A esos fines el Tribunal utilizó un caso que guarda cierta similitud con el presente caso. No tiene que ser idéntico. El Tribunal cumplió con realizar el ejercicio requerido para valorar correctamente los daños.
>
> A tenor con los fundamentos anteriormente expuestos, procede declarar **No Ha Lugar a la Moción Solicitando se Enmienden las Determinaciones de Hecho y se Incluyan Determinaciones de Hecho y Derecho Adicionales y Reconsideración interpuesta por la parte demandante de epígrafe.** (Énfasis nuestro).

Posteriormente, el 8 de junio de 2023, el Hospital Cristo Redentor y demás partes en la reclamación, presentaron una *Moción Reiterando Reconsideración de*

---

[3] *Moción Solicitando se Enmienden las Determinaciones de Hecho y se incluyan Determinaciones de Hecho y Derecho Adicionales y Reconsideración*, págs. 35-53 del apéndice del recurso.
[4] *Moción de Reconsideración de Sentencia de 27 de enero de 2022, notificada el 31 de enero*, págs. 589-591 del apéndice del recurso.

*Sentencia de 27 de enero de 2022, notificada el 31 de enero.*[5]

El 6 de julio de 2023, el foro primario emitió una *Resolución*[6] en la cual concluyó lo siguiente:

> Examinada la *"MOCIÓN REITERANDO RECONSIDERACIÓN DE SENTENCIA DE 27 DE ENERO DE 2022, NOTIFICADA EL 31 DE ENERO"* presentada el 8 de junio de 2023 por la parte codemandada, Universal Insurance, National Building Maintenance y Hospital Cristo Redentor, el Tribunal dispone lo siguiente:
>
> NO HA LUGAR. Ver Resolución del 31 de mayo de 2023.

Inconforme con la determinación del foro primario el 5 de julio de 2023, el matrimonio Campos-Figueroa, presentó un recurso de apelación ante este Foro, KLAN202300571. El 21 de julio de 2023, emitimos una *Sentencia*, donde desestimamos el recurso por falta de jurisdicción por prematuridad, debido a que, la reconsideración atendida y denegada por el foro apelado había sido instada por el matrimonio y no por el Hospital Cristo Redentor y demás partes.

Posteriormente, el 8 de agosto de 2023, el matrimonio Campos-Figueroa, presentó un segundo recurso de apelación, KLAN202300692, solicitando la revisión de la *Sentencia* emitida por el foro primario el 31 de enero de 2022. No obstante, el 7 de septiembre de 2023, emitimos una *Sentencia* desestimando nuevamente el recurso por falta de jurisdicción. Concluimos que, las circunstancias de dicho caso y con el instado en el KLAN202300571 eran idénticas, toda vez que la moción de

---

[5] *Moción Reiterando Reconsideración de Sentencia de 27 de enero de 2022, notificada el 31 de enero*, págs. 592-594 del apéndice del recurso.

[6] *Resolución*, pág. 108 del apéndice del recurso KLAN202400917.

reconsideración presentada por el Hospital y demás partes, no había sido resuelta.

Así las cosas, el 11 de octubre de 2024, el matrimonio Campos-Figueroa presentó el recurso de apelación de epígrafe. En desacuerdo con la determinación emitida por el foro primario, señaló la comisión de los siguientes errores:

PRIMER ERROR: Erró el TPI al no realizar un análisis jurisprudencial comparativo y no valorar todos los daños físicos y emocionales de la Apelante que se desprenden de las mismas Determinaciones de hecho de la Sentencia, según estableció nuestro más alto foro en *Rodríguez v. Hospital*, 186 DPR 889 y *Santiago Montañez v. Fresenius Medical*, 195 DPR 476.

SEGUNDO ERROR: Erró el TPI al no tomar en consideración las "circunstancias particulares del caso" de la Apelante para valorar el daño sufrido en su rodilla, según establece el Tribunal Supremo en *Sucs. Mena v. Jiménez Meléndez,* 2023 TSPR 108, lo cual resultó en una compensación que resulta ridículamente baja a la luz de las mismas determinaciones de hecho enumeradas por el TPI en la Sentencia.

TERCER ERROR: Erró el TPI al no analizar, valorar y compensar justa y separadamente las angustias mentales de la Apelante que incluyen un diagnóstico de depresión mayor relacionado y una hospitalización psiquiátrica reconocida en la Sentencia.

CUARTO ERROR: Erró el Honorable TPI, al no tomar en consideración para efectos de valoración los porcientos de impedimento resultantes de las lesiones que fueron relacionadas a la caída a la demandante.

QUINTO ERROR: Erró el TPI al no concederle a la Apelante una compensación por concepto de lucro cesante a pesar de que reconoce en la Sentencia que, a consecuencia de la caída, la demandante estuvo fuera de su empleo con Humana mientras recibía tratamiento médico por el FSE y eventualmente perdió su empleo por haber expirado el término que por ley tenía para reintegrase al mismo.

De otra parte, el Hospital Cristo Redentor y demás codemandados, el 15 de octubre de 2024, presentaron un

recurso de apelación, KLAN202400917, en el cual señalaron los siguientes errores:

> PRIMER ERROR: Erró el Tribunal de Primera Instancia al conceder compensación en la cantidad de $17,470.61 al codemandante Elí Figueroa en concepto de sufrimientos y angustias mentales aun cuando se había desistido de dicha causa de acción.

> SEGUNDO ERROR: Erró el Tribunal de Primera Instancia al conceder compensación en la cantidad de $17,470.61 al codemandante Elí Figueroa en concepto de sufrimientos y angustias mentales aun cuando éste no declaró en momento alguno durante el juicio.

> TERCER ERROR: Erró el Tribunal de Primera Instancia al conceder compensación en la cantidad de $17,470.61 al codemandante Elí Figueroa en concepto de sufrimientos y angustias mentales aun cuando la causa de éste estaba prescrita.

Luego de evaluar los recursos, el 17 de octubre de 2024, mediante *Resolución* ordenamos su consolidación, y le concedimos a las partes el término dispuesto en el Reglamento para que presentaran sus alegatos.

El 7 de enero de 2024, el matrimonio Campos-Figueroa presentó una *Moción para que se dé por sometida Apelación Sin Oposición*.

No obstante, el 10 de enero de 2025, el Hospital Cristo Redentor y demás codemandados, presentaron su *Alegato de Apelada y/o Moción de Desestimación*. En esencia, esbozaron que nuevamente el foro primario había dejado de atender su *moción de reconsideración*, puesto que, el 12 de septiembre de 2023, había notificado una Resolución disponiendo un "No Ha Lugar. Ver Resolución del 31 de mayo de 2023."

Así las cosas, evaluadas las comparecencias de las partes, procedemos a disponer de la presente controversia mediante los fundamentos que expondremos a continuación.

**II.**

**-A-**

La jurisdicción se refiere al poder o autoridad de un tribunal para considerar y decidir casos, por lo que su ausencia priva a un foro judicial del poder necesario para adjudicar una controversia. *Metro Senior v. AFV*, 209 DPR 203, 208 (2022); *Allied Mgmt. Group, v. Oriental Bank*, 204 DPR 374, 385-386 (2020). En múltiples y variadas ocasiones, nuestro Tribunal Supremo ha expresado que los tribunales debemos ser celosos guardianes de esa jurisdicción que nos ha sido concedida, examinando tal aspecto en primer orden, incluso cuando no haya sido planteado por ninguna de las partes. *Horizon v. Jta. Revisora, RA Holdings*, 191 DPR 228, 234 (2014). Además, se ha señalado que los tribunales no tienen discreción para asumir jurisdicción donde no la hay. *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652 (2014); *SLG Solá-Morreno v. Bengoa Becerra,* 182 DPR 675, 682 (2011); *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).

Un recurso tardío es aquel que se presenta pasado el término provisto para recurrir. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015). Por otra parte, un recurso prematuro es aquel que se presenta con relación a una determinación que está pendiente ante la consideración del tribunal apelado, es decir, que aún no ha sido finalmente resuelta. *Íd*. Un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. *Íd*. No obstante, existe una importante diferencia en las consecuencias que acarrea cada una de estas desestimaciones. *Íd*. La desestimación de un recurso por ser tardío priva

fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro. *Íd.*

Ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 909 (2012). Por ser las cuestiones de jurisdicción privilegiadas, estas deben ser resueltas con preferencia y de carecer un tribunal de jurisdicción, lo único que puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado,* 172 DPR 216, 222 (2007); *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345, 355 (2003).

La Regla 83(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C), autoriza al Tribunal de Apelaciones a desestimar un recurso, a iniciativa propia o solicitud de parte, cuando carezca de jurisdicción para atenderlo.

-B-

En términos generales, una moción de reconsideración permite que la parte afectada por un dictamen judicial pueda solicitar al tribunal que considere nuevamente su decisión, antes de recurrir en alzada a un tribunal de mayor jerarquía. *Div. de Empleados Públicos UGT v. CEMPR*, 212 DPR 742 (2023); *Simons y otros v. Leaf Petroleum Corp.*, 209 DPR 216 (2022); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 731 (2016); *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 24 (2011); *Castro v. Sergio Estrada Auto Sales, Inc.*, 149 DPR 213, 217 (1999). Al respecto, la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47, dispone lo siguiente:

La parte adversamente afectada por una orden o resolución del Tribunal de Primera Instancia podrá, dentro del término de cumplimiento estricto de quince (15) días desde la fecha de la notificación de la orden o resolución, presentar una moción de reconsideración de la orden o resolución.

La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, presentar una moción de reconsideración de la sentencia.

La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que la parte promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales.

La moción de reconsideración que no cumpla con las especificidades de esta regla será declarada "sin lugar" y se entenderá que no ha interrumpido el término para recurrir.

Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.

La moción de reconsideración se notificará a las demás partes en el pleito dentro de los quince (15) días establecidos por esta regla para presentarla ante el tribunal de manera simultánea. El término para notificar será de cumplimiento estricto.

De conformidad con la Regla 47 de Procedimiento Civil, *supra*, una vez se presenta al Tribunal de Primera Instancia y notifica a todas las partes una moción de reconsideración de manera oportuna y fundamentada, se interrumpe el término para recurrir en alzada. Ese término comenzará a contarse de nuevo desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración. Regla 52.2(e)(2) de Procedimiento Civil, 32 LPRA Ap. V,

R. 52.2(e)(2). Véase, además, *Plan Salud Unión v. Seaboard Sur. Co.*, 182 DPR 714, 719 (2011); *Insular Highway v. AII Co.*, 174 DPR 793, 805 (2008); *Lagares v. ELA,* 144 DPR 601, 613 (1997).

Ese término quedará automáticamente interrumpido al presentarse la moción de reconsideración, siempre que se cumpla con los requisitos de forma expuestos en la Regla 47 de Procedimiento Civil, *supra*.

-C-

El mandato es una figura enmarcada dentro de los procesos apelativos judiciales. Constituye el medio que posee un tribunal, en alzada, para informarle a un tribunal inferior cuál fue la determinación tomada sobre la sentencia objeto de revisión y para ordenarle actuar de conformidad. *Pueblo v. Rosario Paredes*, 209 DPR 155 (2022). Su principal objetivo es lograr que el foro inferior actúe de forma consistente con el dictamen del foro revisor. *Íd*.

Recibido el mandato, lo resuelto por el tribunal revisor constituye ley del caso. *Rosso Descartes v. BGF*, 187 DPR 184, 192-193 (2012). Entiéndase que, los derechos y las obligaciones previamente adjudicadas mediante un dictamen judicial final y firme constituyen la ley del caso. *Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor, Inc. y otros*, 212 DPR 807 (2023). De manera que, una decisión judicial adquiere el carácter de ley del caso al constituir un dictamen final sobre los méritos del asunto considerado y decidido. *Berkan et al. v. Mead Johnson Nutrition*, 204 DPR 183, 200 (2020).

En ese sentido, tales determinaciones obligan, tanto al foro de instancia, como al foro que las dictó,

en la eventualidad de que el asunto regrese ante sí. *Íd*. Como resultado, el tribunal inferior o el organismo que dictó la determinación impugnada deberá limitarse a cumplir con lo ordenado por el foro revisor. *Rosso Descartes v. BGF*, supra. A modo de excepción, sólo cuando se atenta en contra de los principios básicos de justicia es que los tribunales pueden abstenerse de aplicar la doctrina de la ley del caso. *Berkan et al. v. Mead Johnson Nutrition*, supra.

**III.**

En el caso de autos, cada una de las partes nos solicitan que revisemos la *Sentencia* emitida por el foro primario notificada el 31 de enero de 2022, la cual versa sobre un pleito de daños. No obstante, el Hospital Cristo Redentor y demás codemandados presentaron su alegato en oposición al recurso de apelación y/o moción de desestimación. En esencia, esbozaron que el foro apelado aún no había atendido su moción de reconsideración. Añadieron que, este Foro ha atendido en dos (2) ocasiones la misma controversia, desestimando los recursos por falta de jurisdicción, por prematuro.

Como surge del trato procesal, el 31 de mayo de 2023, el foro primario emitió una *Resolución*, donde claramente establece que el escrito atendido y resuelto, fue la moción de determinaciones de hechos adicionales y la reconsideración sometida por el matrimonio, y no aquella presentada por el Hospital y demás codemandados.

Es por ello, que en las dos (2) ocasiones que las partes han presentado un recurso de apelación y este Foro ha desestimado por falta de jurisdicción, se basa en que aun el foro apelado no ha atendido la solicitud de reconsideración del Hospital y demás codemandados.

El Tribunal de Primera Instancia, ha emitido en tres (3) ocasiones la misma *Resolución*, en la cual declara *No Ha Lugar* a la moción de reconsideración del hospital y le refiere a la atención de su dictamen del 31 de mayo de 2023.

No obstante, conforme hemos reiterado en las pasadas sentencias, la reconsideración atendida y denegada en dicha ocasión fue la instada por el matrimonio Campos-Figueroa, la cual no tiene nada que ver con la solicitud de reconsideración que presentó el Hospital y demás codemandados. Por lo tanto, dicha solicitud de reconsideración aún no ha sido atendida y resuelta. **Así pues, hasta que el foro primario no atienda <u>de forma clara y precisa</u> la moción *de Reconsideración de Sentencia de 27 de enero de 2022, notificada el 31 de enero,* presentada por el Hospital y demás codemandados, el plazo para acudir en apelación no comenzará a transcurrir.**

Como consecuencia, desestimamos el recurso por falta de jurisdicción por prematuridad.

**IV.**

Por los fundamentos antes expuestos, **DESESTIMAMOS** el recurso de apelación por falta de jurisdicción, por prematuro.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones